SEXTON, Judge.
This appeal presents the narrow question of the nature of the notice required under the open meetings law, LSA-R.S. 42:4.1, et seq., in order for a public body to proceed to executive session to discuss litigation. The trial court held that it was not necessary that the names of the litigants be revealed. From this judgment, the plaintiff has appealed. We affirm.
The Ouachita Parish District Attorney’s Office received a complaint that the Monroe City School Board was entering into executive session in violation of the open meetings law, LSA-R.S. 42:4.1, et seq. District Attorney James A. Norris, Jr., the plaintiff, filed a suit seeking injunctive relief against the school board to prevent violations of the open meetings law.* Several different violations of various types were alleged.
On August 10th and October 6th of 1987, the school board held executive sessions to discuss pending or prospective lawsuits against it. The minutes of the August 10th and October 6th meetings stated that the school board went into executive session to discuss “legal matters” and “personnel and legal matters.” The names of *841 the parties involved were not disclosed. The stipulation of facts entered into by the plaintiff and the defendant shortly before trial reveals that the subject of the August 10th meeting was the appeal of the district court decision in Thorne v. Monroe City School Board and the subject of the October 6th meeting was the pending suit of Grant v. Monroe City School Board.
The trial court rendered judgment in favor of the plaintiff in several specifics generally requiring the defendant to follow the open meetings law. But, as we have noted, the trial court declined to require that the litigation to be discussed in executive session be identified.
In so holding, the court noted that it could find no jurisprudence on the issue. However, the trial court determined that the statute itself did not require that the identity of the litigation to be discussed at the executive session be revealed. The trial court was of the view that if the legislature had intended that this information be revealed, it would have included such a provision in the statute. Further, the trial court observed “[t]he mere identification by name alone might trigger reaction that could have a harmful effect on the pending or prospective litigation.”
The plaintiff appealed contending that the school board is required to identify the litigation to be discussed in executive session. The defendant argues in brief that the plaintiff is requesting an advisory opinion because a purely legal question has been submitted to the court.
We disagree. The plaintiff has contended that notice of the particular litigation is required by the statute and the defendant argues that it is not. Executive sessions have been held in which the litigation to be discussed was not revealed. The trial court has found for the defendant — thus a justiciable controversy exists.
The policy of requiring public bodies to hold open meetings is embodied in both the constitution and the statutes of Louisiana. Article 12, § 3 of the 1974 Louisiana Constitution provides that “[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.” LSA-R.S. 42:4.1 provides as follows:
It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally.
LSA-R.S. 42:5 A provides that “[ejvery meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.”
LSA-R.S. 42:6 provides that a public body may hold executive sessions which shall be limited to matters which R.S. 42:6.1 exempts from discussion at open meetings. The exemptions listed in LSA-R.S. 42:6.1 include “[sjtragety sessions or negotations with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.”
The Fourth Circuit in Delta Development Company v. Plaquemines Parish Commission Council, 451 So.2d 134 (La. App. 4th Cir.1984), writ denied, 456 So.2d 172 (La.1984), discussed the purpose of the open meetings law:
The primary purpose of the Open Meeting Law and the constitutional provision insuring the right of citizens to participate in the deliberations of public bodies is to protect citizens from secret decisions made without any opportunity for public input. The public has a right to know what is being considered and is entitled to “direct participation” in deliberations as styled by the title to Section 3, Article XII of the Constitution of 1974.
Delta Development Company, supra, at 138.
In LSA-R.S. 42:6.1, the legislature made specific exceptions to the policy of openness, an acknowledgment that there are some instances in which the public’s right to participate in the deliberations of public *842 bodies is limited. One of those instances is the planning of strategy for litigation “when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.” LSA-R.S. 42:6.1.
While LSA-R.S. 42:4.1 does state that the open meetings law is to be liberally construed, it does seem readily apparent that the revelation of the name of the adverse party could well have a detrimental effect on the litigating position of the public body. Of course, the names of those who have actually brought suit against a public body are a matter of public record. However, we can readily agree that where trial tactics or compromise are being discussed, the publication of the particular litigation involved could be detrimental. That detrimental effect is perhaps even more apparent if litigation has only been threatened. It is thus our view that the spirit of the exception is that the disclosure the plaintiff seeks is not appropriate. We agree with the trial court that placing such a requirement on public bodies should be done by the legislature rather than by the judiciary.
For the above-stated reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the plaintiff insofar as it is legally appropriate to do so.
AFFIRMED.

 LSA-R.S. 42:10 B requires each district attorney to enforce the provisions of the open meetings law in his district.