Dear Mr. Lehman:
This office is in receipt of your opinion request concerning the application of the Louisiana Open Meetings Laws to the St. Tammany Parish School Board. Specifically, you ask the following two questions:
 (1) The parish school board is required by law to post public notice of special meetings. Is the language "to conduct a hearing" with an asterisk referring to a footnote which states that the meeting will go into executive session to discuss this matter sufficient to comply with the requirements of law?
 (2) Must the public notice contain the name of the juvenile who is the subject of the student expulsion hearing and the executive session?
The school board is a public body which is subject to the Louisiana Open Meetings Law and all notice provisions reflected therein. LSA-R.S. 42:4.2(A)(2). The Open Meetings Law must be liberally construed in favor of assuring that public business is performed in an open and public manner and that citizens are advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. The law further provides that any action taken in violation of the provisions of the Open Meetings Law is voidable by a court of competent jurisdiction by a suit to void any such action filed within sixty days of the action. LSA-R.S.42:9; Hayes v. Jackson Parish School Board, 603 So.2d 274
(La.App. 2nd Cir. 1992).
All necessary notice prerequisites concerning special meetings are contained in LSA-R.S. 42:7(A)(1)(b)(i) and (ii), which state:
 (b)(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
 (ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.
This office stated in previously released Attorney General Opinion Numbers 80-128 and 87-649 that "we are of the opinion that an agenda must be reasonably clear so as to advise the public in general terms each subject to be discussed". We are of the opinion that the language "to conduct two hearings" does not fully convey the nature of the hearing to the public. Additional information in general terms indicating the type of hearing to be conducted would suffice. For instance, the statement "to conduct and take action with respect to a student expulsion hearing" as reflected in the February 9, 1993 notice attached clearly indicates the subject matter of the hearing. Accordingly, in response to your first inquiry, it is the opinion of this office that the quoted language should be clarified to better convey to the public the purpose of the hearing.
In response to your second inquiry, the law does not require that the identity of the juvenile to be discussed in executive session be included on the notice. Within the provisions of LSA-R.S. 42:6.1, the legislature made specific exceptions to this policy of openness. A public body may hold an executive session pursuant to the exclusive reasons set forth in LSA-R.S. 42:6.1, one of which we find particularly applicable:
 "A. A public body may hold an executive session pursuant to R.S. 42:6 for one or more of the following reasons:
* * *
 (7) Discussions between a city or parish school board and individual students or the parents or tutors of such students, or both, who are within the jurisdiction of the respective school system, regarding problems of such students or their parents or tutors; provided however that any such parent, tutor, or student may require that such discussions be held in an open meeting."
We also enclose a copy of Norris v. Monroe City School Board, 535 So.2d 840, (La.App. 2nd Cir. 1988); writ den.,536 So.2d 1199 (La. 1988), in which the court held that the notice required under the open meetings law in order for a school board to discuss litigation does not have to reveal the names of the litigants.
Finally, the school board is advised that its discussion in executive session is limited to the subject matter of the hearing. Upon returning from executive session, any binding action by vote must be taken in open session. LSA-R.S. 42:6.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0224E