451 So.2d 134 (1984)
DELTA DEVELOPMENT COMPANY, INC., et al.
v.
PLAQUEMINES PARISH COMMISSION COUNCIL, et al.
No. CA-1927.
Court of Appeal of Louisiana, Fourth Circuit.
May 24, 1984.
Rehearing Denied June 11, 1984.
Writ Denied September 14, 1984.
*136 John R. Schupp, Mary G. Chappuis, Randall A. Karr, Broadhurst, Brook, Mangham, Hardy & Reed, Lafayette, Ernest R. Eldred, George L. Clauer, III, Baton Rouge, for defendants-appellees.
Daniel Lund, Harold B. Carter, Jr., Montgomery, Barnett, Brown & Read, New Orleans, for Delta Development Co., Inc.; Donald W. Doyle, New Orleans, of counsel.
Gene W. Lafitte, William R. Pitts, Anne E. Tate, Liskow & Lewis, New Orleans, for plaintiffs-appellants Betty Perez Carrere and Richard J. Carrere.
John M. McCollam, Marcel Garsaud, Jr., Andrew McCollam, III, Gordon, Arata, McCollam & Stuart, New Orleans, for plaintiffs-appellants Joyce Perez Gelpi, Chester P. Gelpi, Thomas Perez Eustis, Flora Ann Eustis, Geoffrey Edward Eustis, Nancy E. Kerr and Margaret Miller Eustis.
Peter J. Butler, Louis V. Lauricella, Butler & Heebe, New Orleans, for plaintiffs-appellants Leander H. Perez, Jr. and Aphra Perez.
J. Minos Simon, J. Minos Simon, Ltd., Lafayette, for plaintiffs-appellants Chalin O. Perez and Lynn Perkins Perez.
Before GULOTTA, SCHOTT and WARD, JJ.
SCHOTT, Judge.
Plaintiffs, Delta Development Company, Inc. and the heirs of Leander H. Perez (hereinafter collectively referred to as Delta), have appealed from a judgment denying their motion for a preliminary injunction against the members of the Plaquemines Parish Commission Council (hereinafter collectively referred to as the Council). Delta sought to enjoin the Council from continuing with a law suit it previously filed against Delta on the ground that the resolution of the council authorizing the suit was adopted in violation of Louisiana's Open Meeting Law, (LSA-R.S. 42:4.1 et seq.) Just prior to the hearing on the injunction rule the Council took action to ratify the previous resolution. In denying the injunction the trial court held that Delta's suit became moot when the Council ratified its resolution. Thus, the principal issue is whether the Council's original resolution, if adopted in violation of the Open Meeting Law, could be ratified or was it absolutely null and void and insusceptible of ratification. A secondary issue is Delta's entitlement to attorneys' fees under the circumstances of the case.
On August 25, 1983, the Council adopted Resolution 839 authorizing the filing of a suit to recover mineral rights from Delta. The suit was filed on the same date under docket number 25-708 of the district court in Plaquemines Parish. On October 17, 1983, the instant suit was filed. Alleging a number of violations of the Open Meeting Law in connection with the Council's adoption of Resolution 839, Delta sought an injunction against the continued prosecution of case number 25-708; a declaratory judgment declaring as void the resolution, the previous suit, and a notice of lis pendens in connection therewith; and attorney fees in accordance with R.S. 42:11 C. The hearing on Delta's suit was scheduled on November 3, 1983. In the meantime the Council met on November 2 and adopted a resolution ratifying its previous action authorizing the suit. At the conclusion of the *137 hearing the trial court dismissed Delta's suit reasoning that the original action of the Council, if taken in violation of the law, was not an absolute nullity but was merely voidable under R.S. 42:9; that LSA C.C. Art. 12 which declares as void whatever is done in violation of a prohibitory law was legislatively overruled by R.S. 42:9; that since the ratification on November 2 was done after full compliance with the Open Meeting Law, the purpose of the law was fully served; and that no further public purpose would be served by requiring the Council to dismiss its previous suit and refile the suit after still another compliance with the Open Meeting Law. In this court Delta specifies error in the trial court's failing to declare Resolution 839 void, holding that the Council could ratify the resolution, and refusing to grant Delta attorney fees.
LSA Const.1974, Art. XII, Sec. 3, provides:
"No person shall be denied the right to observe the deliberation of public bodies and examine public documents, except in cases established by law."
By Act 665 of 1976 the legislature implemented this constitutional fiat by adopting the Open Meeting Law. Its legislative purpose was set forth in Section 1 of the Act, R.S. 42:4.1:
"It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally."
In briefs and arguments in this court Delta has made a strong case for its position that the Council violated the Open Meeting Law when it resolved to file suit against Delta. It contends that the Council had no right to hold an executive session on October 25 because the reason, i.e., to discuss suing Delta, was not among the exceptions to Open Meetings set out in R.S. 42:6.1, and the executive session itself was not conducted in compliance with R.S. 42:6. The Council takes issue with these arguments but contends that the question became moot when it adopted its ratification resolution on November 2.
R.S. 42:9, entitled "Voidability," provides that any action taken in violation of the law "shall be voidable by a court of competent jurisdiction" and that a "suit to void any action must be commenced within sixty days of the action." A simple reading of this section compels the conclusion that action taken by a public body without compliance with the Open Meeting Law is not an absolute nullity. If it were no purpose would be served by the sixty day provision for bringing enforcement proceedings. Something which is an absolute nullity ab initio cannot be brought to life with the passage of time because it never came into existence in the first place. The clear intent of R.S. 42:9 was to give interested persons the right to have an act of a public body declared null and void if performed illegally, but if sixty days pass without an attack the act is valid from its inception.
The importance of a decision as to absolute versus relative nullity of the Council's resolution authorizing the suit lies in the fact that an absolute nullity cannot be subsequently ratified by a body. If absolutely void there was nothing for the Council to ratify and its only available course of action was to start over. On the other hand, general law and common sense would seem to dictate that a resolution which is not absolutely null and void, which came into being and existence when adopted, but which may be subsequently declared void because of technical violations of the law, may be corrected by ratification provided the ratification is adopted after full compliance with the law.
Delta does not dispute that the adoption of the ratification resolution was done in compliance with the Open Meeting Law but it contends that the Council's original resolution *138 could not be ratified because of these provisions of C.C. Art. 12:
"Whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed."
Invoking the doctrine that laws in pari materia should be harmonized if possible and that an interpretation of implied repeal should be avoided, Delta contends that R.S. 42:9's "voidable" language should be interpreted to mean absolutely void.
Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible, but that if there is a conflict the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. State ex rel Bickman v. Dees, 367 So.2d 283, 291 (La.1978). Applying this principle to the instant case, the trial court correctly concluded that as to action taken in violation of the Open Meeting Law the legislature intended a specific exception to the general rule of C.C. Art. 12 by making such action voidable and not absolutely null and void.
The primary purpose of the Open Meeting Law and the constitutional provision insuring the right of citizens to participate in the deliberations of public bodies is to protect citizens from secret decisions made without any opportunity for public input. The public has a right to know what is being considered and is entitled to "direct participation" in deliberations as styled by the title to Section 3, Article XII of the Constitution of 1974. Assuming that the Council's original action of August 25 was taken in such a way that the public's constitutional and statutory rights were violated, the injury or harm to the public was cured when the ratification resolution was adopted. This time according to the resolution, all aspects of the Open Meeting Law were scrupulously followed. There was full discussion as to the alternatives of continuing with the suit against Delta or dismissing it. Now that the public interest had been served there was no logical reason for the Council to dismiss its suit and start over.
As to the interests of Delta itself R.S. 42:6.1(2) authorizes a public body to hold an executive session in connection with "prospective litigation after formal demand." Although there is no indication that any formal demand had been made prior to the August 25 meeting the record shows that Delta was advised that the proposed ratification would be taken up at the November 2 meeting and Delta declined to participate. One purpose the legislature may have had for limiting the exception to prospective litigation after formal demand was to protect someone from a suit without being provided with an opportunity to present his side before being sued. Since Delta had the opportunity at the November 2 meeting to show why the suit should be dismissed the purpose of the statute was accomplished.
Accordingly, we have concluded that the trial court correctly dismissed Delta's rule for a preliminary injunction and we turn to the remaining issue of whether or not Delta was entitled to attorney fees under R.S. 42:11C which provides as follows:
"If a person who brings an enforcement proceeding prevails, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may award him reasonable attorney fees or an appropriate portion thereof ..."
Delta argues persuasively that the Open Meeting Law was violated at the August 25 meeting. It points to the vagueness of the resolution and motion adopted by the Council authorizing the executive session and argues that this fell short of the notice required by R.S. 42:6. Delta makes a salient point that since the Council was clearly concerned with a suit against Delta for recovery of mineral rights the agenda and/or notice should have said so. Delta's argument is especially persuasive in the light of R.S. 42:4.1's mandate that the law be construed liberally.
In any event we assume for our purpose here that the Council's original action of *139 August 25 was taken in violation of the law. Delta argues entitlement to attorney fees because its enforcement proceeding forced the Council to consider ratification at the meeting on November 2 when all provisions of the law were complied with. In other words, says Delta, if the trial court was correct in holding that the Council could comply with the law by the ratification action, such action was produced by Delta's bringing the enforcement proceedings and thus, Delta prevailed.
The statute makes a distinction between a party who prevails in full and one who prevails in part. In the former case the prevailing party is entitled to attorney fees as a matter of law while in the latter entitlement to attorney fees is within the discretion of the trial court. It cannot be said that Delta prevailed in full. It was seeking a preliminary injunction and failed to obtain it. On the other hand, it can be said that Delta prevailed in part. It provoked the Council to do what it should have at the beginning, namely, to comply with the Open Meeting Law on this question of suing Delta. The trial judge did not say why he denied Delta attorney fees but one plausible explanation is that he regarded Delta as a party which prevailed in part and in the exercise of the discretion vested in him by the statute he declined to award attorney fees. We are not persuaded that this constituted an abuse of the trial court's discretion.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.