WILLIAMS, Judge.
This is an appeal by Sidney Cates III from a decision finding that the Board of Commissioners for the Housing Authority of New Orleans [“Board] violated the “Open Meetings Law” (La. R.S. 42:4.1 et seq) in awarding him an employment contract.
A meeting of the Board was scheduled on January 9, 1986. Based upon the testimony of numerous witnesses at trial, a rumor circulated prior to that meeting that the Board would discuss entering into an employment contract with its then-director Cates. The agenda of the meeting, distributed a number of days earlier, did not include any mention of Cates’s proposed contract. Inquiries made to Andrew Douglas, Chairman of the Board, before and during the meeting, were met with assurances that the matter would not be discussed. Later in the meeting, however, the Board voted to go into Executive Session. During the Executive Session, the Board was presented with an employment con *629 tract for Cates. The Board then came out of Executive Session and attempted to vote on the contract. A tremendous commotion ensued. Audience members could hear no vote on the contract, although the chairman announced that the contract had been approved.
Plaintiff Barbara Jackson, president of the St. Thomas Residential Council, filed suit against the Board alleging that it violated the Open Meetings Law in awarding the contract. Cates was not made a party to the action. Although he had actual notice of the proceedings he did not intervene. After a bench trial, the lower court held that the Board violated the Open Meetings Law and declared the contract null and void. The Board chose not to appeal the decision. Cates appealed pursuant to Article 2086 of the Louisiana Code of Civil Procedure claiming that: (a) he was an indispensable party to the action; (2) the Board did not violate the Open Meetings Law; and (3) the contract should not have been declared null and void.
INDISPENSABLE PARTY
Cates claims that because he was a party to the contract he was an indispensable party to this action.
An indispensable party is one: whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment that a complete and equitable adjudication of the controversy cannot be made unless [it] is joined in the action.
Failure to join an indispensable party may be pleaded at any time, at trial or on appeal. La.C.Civ.Pr. art. 645. If failure to join an indispensable party is pleaded successfully on appeal, the court may remand the case for further evidence. La.C.Civ.Pr. art. 646.
Although Cates was clearly affected by the decision, we find that “a complete and equitable adjudication of the controversy” was made notwithstanding his absence during the proceedings below. We fail to see how anything relevant could have been added by his presence at trial. Any violation of the Open Meetings Law would be evidenced by the agenda and the videotaped recording of the meeting, which were introduced at trial.
There is no reason for us to remand for the introduction of any additional evidence.
OPEN MEETINGS LAW
The Open Meetings Law (La.R.S. 42:4.1 et seq.) ensures the rights of citizens to participate in the deliberations of public bodies and to protect the citizens from secret decisions. Delta Development Co. v. Plaquemines Parish Commission Council, 451 So. 2d 134 (La.App. 4th Cir.1984).
According to La.R.S. 42:7, notice must be given by a public body no later than twenty-four hours before the meeting. The notice has to include, among other things, the agenda of the meeting. With a two-thirds vote of the members present, a public body may take up a matter not on the agenda.
In this case, the contract for employment of Cates as director of the Housing Authority of New Orleans was not on the agenda, nor was a vote taken to consider a matter not on the agenda. Furthermore, it seems to be questionable whether the audience was aware that a voice vote was taken to approve the contract. Even assuming that a voice vote was taken, any consideration of the employment contract was in technical violation of La.R.S. 42:7. The purpose of the Open Meetings Law is to allow the public to voice its opinion in the decision making process. Testimony at trial highlights the deviation from this intended purpose that occurred at the meeting. Members of the public were interested enough in the issue to try to find out whether Cates’s contract would be considered at the meeting. The actions of the Board in failing to follow the procedure set forth in La. R.S. 42:7 denied the interested public their right to be heard and to effectively participate in the decision-making process. For this reason, we are required to affirm the trial court’s decision to hold that the contract was awarded in violation of the Open Meetings Law.
NULLITY
Cates argues that even if the contract was awarded in violation of the Open Meet *630 ings Law, the Board’s action was voidable and not absolutely null and void.
La.R.S. 42:9 provides that any action taken in violation of the Open Meetings Law “shall be voidable by a court of competent jurisdiction. A suit to void any action must be commenced within sixty days of the action.” Apparently Cates is urging that the contract should not have been declared absolutely null simply because he was not included in the proceedings below.
Unlike Delta Development Co., supra, relied upon by Cates, the Board’s action was never ratified subsequently. Furthermore, suit was timely filed by plaintiff.
We find no reason to declare that the Board’s action was not void. All of the procedural requirements for challenging the action were complied with; Cates’s join-der as a party below was not required. Cates has made no other allegations which would require a finding that the Board’s action in awarding the contract was a relative nullity and not absolutely void. Under these circumstances the trial court’s decision that the employment contract awarded to Cates by the Board was null and void was proper.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.