525 So.2d 166 (1988)
Mrs. W.L. WAGNER, Plaintiff-Appellant,
v.
BEAUREGARD PARISH POLICE JURY, et al., Defendants-Appellees.
No. 87-154.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
*167 Breaux & Hornstein, and Robert Hornstein, Gabriel, for plaintiff-appellant.
Lloyd K. Milam, Asst. Dist. Atty., De Ridder, for defendants-appellees.
Before FORET and DOUCET, JJ., and SWIFT[*], J., Pro Tem.
G. WILLIAM SWIFT, Jr., Judge Pro Tem.
The issues presented by this appeal are whether plaintiff, Mrs. W.L. Wagner, is a duly appointed commissioner on the Merryville Hospital Service District Board and whether the Beauregard Parish Police Jury was required under Louisiana's Open Meeting Law, La.R.S. 42:4.1 et seq., to file a lawsuit within sixty days of their original action in order to rescind plaintiff's appointment.
The plaintiff sued the Beauregard Parish Police Jury (Police Jury) and the Merryville Hospital Service District Board (Board), and three other defendants,[1] seeking a declaratory *168 judgment recognizing her as a member of that Board and an injunction preventing the defendants from interfering with her attempts to exercise her duties. After a trial on the merits, there was judgment in favor of defendants rejecting plaintiff's demands at her cost. We affirm.
The record reveals the following undisputed facts:
At a special meeting of the Police Jury on November 7, 1984, Mrs. Wagner and Mr. Gene Saho were elected to serve as commissioners on the Board to fill vacancies that had suddenly arisen. The public notice and agenda for the November meeting did not contain any mention of the election as is required by LSA-R.S. 42:7.
On November 9, Mrs. Wagner signed an oath of office and it was filed in the office of the Clerk of Court for Beauregard Parish. A copy of the oath was also sent to the secretary of state, who issued her a personal identification card reflecting her name and the title of her office.
At a regular meeting of the Police Jury in November the appointments were discussed due to a controversy, but the matter was tabled until legal advice could be obtained.
On November 27, a special meeting was held pursuant to proper public notice. At that meeting, two other persons, Ernest Taylor and W.F. Patton, were appointed to fill the position for which Mrs. Wagner and Mr. Saho were originally appointed. This action was taken after the Police Jury had received and discussed an opinion from the district attorney that the appointments made on November 7, 1984, were invalid under Louisiana's Open Meeting Law.
Plaintiff testified that she attended two meetings after her appointment but was informed that she could not serve as a commissioner on the Board. As a result, the present lawsuit was filed in the district court for East Baton Rouge Parish on April 9, 1985. That court transferred the case to Beauregard Parish, the proper venue.
After the trial judge ruled that the appointment of Mrs. Wagner at the special meeting on November 7, 1984, violated our open meeting law, and therefore was a relative nullity, the trial court upheld the subsequent appointments, but said that the Police Jury had the option of rescinding or ratifying Mrs. Wagner's appointment at a subsequent meeting held in compliance with the law.
The trial court wrote excellent reasons for judgment and, after a careful review of the record, we adopt them as our own. The district judge said:
"The primary question in the case is whether Mrs. Wagner is entitled to be recognized as a duly appointed member of the Board. In deciding that issue, certain constitutional and statutory provisions must be considered. First, LSA Const.1974, Art. XII, Sec. 3, provides:
`No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.'
To implement that constitutional provision the legislature enacted the Open Meeting Law, which is set forth in R.S. 42:4.1 et seq. The purpose of that law is set forth in R.S. 42:41.1 as follows:
`It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally.'
Not only are meetings of public bodies to be open, but, with some limited exceptions, citizens have the right to know, in advance, the subject matter upon which governing bodies will deliberate and vote. Accordingly, the law provides, in R.S. 42:7(A)(1) as follows:
`All public bodies, except the legislature and its committees and subcommittees shall give written public notice of their regular meetings, if established by law, resolution, or ordinance, at the beginning of each calendar year. Such notice shall include the dates, times, and places of *169 such meetings. All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting. Such notice shall include the agenda, date, time and place of the meeting, provided that upon approval of twothirds of the members present at the meeting of a public body, the public body may take up a matter not on the agenda. In cases of extra-ordinary emergency, such notice shall not be required; however, the public body shall give such notice of the meeting as it deems appropriate and circumstances permit.' (Emphasis added.)
The law further provides in R.S. 42:9 that any action taken in violation of the provisions of the Open Meeting Law `shall be voidable by a court of competent jurisdiction,' but a suit to void any such action must be commenced within sixty days of the action.
In Delta Development vs. Plaquemines Parish, 451 So.2d 134 (La.App. 4th Cir. 1984), writ denied September 14, 1984, the court said:
`The primary purpose of the Open Meeting Law and the constitutional provision insuring the right of citizens to participate in the deliberations of public bodies is to protect citizens from secret decisions made without any opportunity for public input. The public has a right to know what is being considered and is entitled to `direct participation' in deliberations as styled by the title to Section 3, Article XII of the Constitution of 1974. * * *'
In this case, although the Police Jury gave public notice of the special meeting and agenda for November 7, 1984, that notice/agenda did not mention, either explicitly or implicitly, appointments to the Board. Thus, the notice did not comply with the requirements of R.S. 42:7(A)(1), supra. Further, the minutes of that meeting do not reflect that two-thirds of the members present at the meeting voted to enlarge the agenda to take up the matter of such appointments. The only reference to appointments in the minutes of that meeting is the following:
`Motion was made by Mr. Hennigan, seconded by Mr. Shirley, to appoint Mr. Gene Sabo and Mrs. Nina Wagner to the Merryville Hospital Board. Motion carried.'
It is clear that the Police Jury violated the requirements of the open meetings law when it failed to include in the written notice of the special meeting its intention to consider appointments to the Board. Having failed to give proper notice, the Police Jury still could have considered such appointments if two-thirds of the members present had voted to expand the agenda and take up such appointments. However, according to the minutes, this was not done.
Counsel for Mrs. Wagner argues that the action of the Police Jury in making the appointments was by unanimous vote and this amounted to a vote by the members to place the matter on the agenda. This Court finds no merit in that argument. The minutes do not reflect that the members of the Police Jury acted upon or even considered a proposal to expand the agenda. The members simply adopted a motion to appoint Mrs. Wagner and Mr. Sabo to the Board and the minutes do not reflect the vote on the motion. They said only: `Motion carried.'
In view of the obvious intent and purpose of the open meetings law, any exception to the requirement for notice of date, time, place and agenda, should be narrowly and strictly construed. [Exceptions are expressly outlined in R.S. 42:6, 42:6.1, and 42:6.2.] Accordingly, this Court is of the opinion that where a public body fails to give timely proper notice of a special meeting, it cannot take up a matter not included in the notice/agenda unless two-thirds of the members of the body at the meeting affirmatively vote to enlarge the agenda to allow them to consider the matter. Because of the exceptional nature of such action, the minutes of the meeting should clearly reflect that the members of the *170 body voted to envoke a special procedure authorized by law.
In this case there is no evidence, either in the minutes or otherwise, to establish that the members of the Police Jury, by a twothirds of those present, expressly approved enlarging the agenda to consider appointments to the Board.
For the foregoing reasons, the Court concludes that the appointment of Mrs. Wagner to the Board at the special meeting of the Police Jury on November 7, 1984, was in violation of the open meetings law. But counsel for Mrs. Wagner argues that any violation of that law resulted in the appointment being only a relative nullity, not an absolute nullity, and that, under R.S. 42:9, an action to nullify the appointment had to be brought within sixty days after the appointment was made.
In Delta Development versus Plaquemines Parish, supra, commenting on the section of the law entitled `Voidability' (R.S. 42:9), the court said:
`* * * A simple reading of this section compels the conclusion that action taken by a public body without compliance with the Open Meeting Law is not an absolute nullity. If it were no purpose would be served by the sixty-day provision for bringing enforcement proceedings. Something which is an absolute nullity ab initio cannot be brought to life with the passage of time because it never came into existence in the first place. The clear intent of R.S. 42:9 was to give interested persons the right to have an act of a public body declared null and void if performed illegally, but if sixty days pass without an attack the act is valid from its inception.'
Counsel for Mrs. Wagner maintains that if the appointment to the Board was a relative nullity, it later became valid because neither the Police Jury nor any other party filed a suit within sixty days to void the action. On the other hand, the Police Jury maintains that at a special meeting on November 27, 1984, after being advised by the District Attorney that the appointments made at the special meeting on November 7, 1984, were invalid, it validly appointed Ernest Taylor and W.F. Patton to the Board. According to counsel for Mrs. Wagner, the action of the Police Jury on November 27, 1984 in making those appointments, did not revoke or legally affect the prior appointments of Mrs. Wagner and Mr. Sabo.

* * *
In Delta Development, supra, it was held that action of a public body which is a relative nullity under the open meetings law can be ratified and validated by proper action taken at a subsequent meeting held in compliance with the law. If, at a proper legal meeting, a public body can reconsider and ratify action taken at a previous meeting which was in violation of the open meetings law, it also can reconsider, repudiate and recall the earlier improper action. This Court is of the opinion that R.S. 42:9 does not require a public body to file a suit in court to void action which it has taken in violation of the law. This would be an absurd requirement. Certainly R.S. 42:9 was not intended to and does not prevent a public body from rescinding invalid or illegal action. If a voidable action can be ratified at a later legal meeting, as was held in Delta Development, supra, it follows that the voidable action can be rescinded.
It would be defeating the purpose and intent of the open meetings law, which is to provide citizens with notice and information about meetings, to require in all cases that a suit be filed to void action taken in violation of the law. When a public body had failed to comply with the notice/agenda requirements for special meetings and its actions have been challenged by members of the public, as happened here at the Police Jury meeting of November 13, 1984, the public body is entitled to reconsider the matter at a later meeting and either ratify or rescind the action previously taken.
As stated above, this Court has concluded that the appointment of Mrs. Wagner at the special meeting on November 7, 1984, was in violation of the open meetings law. Therefore, the appointment was voidable and had the Police Jury not rescinded that voidable action at a proper meeting on November *171 27, 1984, a member of the public could have filed suit within sixty days to have the appointment voided. However, such a suit was unnecessary because the Police Jury took it upon itself to comply with the provisions of the law. At that meeting the Police Jury could have ratified the appointment of Mrs. Wagner or it could have rescinded the appointment by naming another person to the offices. In any event, the public interest was served at the meeting of November 27, 1984 because that meeting, unlike the special meeting of November 7, 1984, met all the requirements of the law for considering appointments to the Board."
For the foregoing reasons, the judgment appealed is affirmed and plaintiff's demands against the defendants are dismissed. All costs of this appeal are assessed to plaintiff-appellant, Nina Wagner.
AFFIRMED.
NOTES
[*] Judge G. William Swift, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] James H. "Jim" Brown, Secretary of State, and William F. Patten and Ernest Taylor, one of whom subsequently replaced Mrs. Wagner on the Board.