NORRIS, Judge.
The plaintiffs, individuals and a group called Citizens For Equity In The Jackson Parish School System, appeal a judgment dismissing their petition to annul an action of the Jackson Parish School Board for failure to comply with Louisiana’s Open Meeting Law. For the reasons expressed, we reverse and render.

Factual background

The essential facts are not disputed. Pine Belt Multi-Purpose Agency administers the Head Start Educational Program in Jackson Parish. In early November 1991 Pine Belt submitted a written proposal to the school board for additional space for their program because the existing facilities at Hawk Elementary School were inadequate. The matter would come up on the Board’s regular bi-monthly meeting set for Monday, November 18, 1991.
On the Wednesday before the November 18th meeting, an agenda was posted at the school board office and made available to the public, providing a list of the items to be covered at the meeting. The superintendent of the school board, Mr. Cliff Mil-stead, prepared and posted the agenda. Item # 8 on the agenda mentioned Pine Belt’s request for additional space as follows:
8. Consider request from Pine Belt Mul-ti Purpose Agency for additional space for the Head Start Program.
The agenda stated nothing further about the topic, and did not at all mention the possibility that Union Elementary might be closed and merged with Hodge Elementary-
*275 At the November 18 meeting, Superintendent Milstead submitted a “Restructuring Proposal” to move Head Start from Hawk Elementary and put it in Union Elementary, and to move Union’s faculty, staff and students “intact” to Hodge Elementary. After some discussion of various alternatives, a motion was made in accordance with the Restructuring Proposal and it carried by a vote of 7-3. The effect was, of course, to send Union students to Hodge Elementary in the fall of 1992.
The plaintiffs filed the instant suit on January 14, 1992, urging a violation of the Louisiana Open Meeting Law, La.R.S. 42:1-42:12, seeking to annul the action of the Board of November 18, and demanding attorney fees. The trial court dismissed the plaintiffs’ claims after a hearing on January 30, 1992. The resultant appeal was expedited by order of this court.

Applicable law

The state constitution declares that no person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law. La. Const. art. 12 § 3. Embodying this guarantee, the Louisiana Open Meeting Law, La.R.S. 42:1-42:12, provides that every meeting of any public body shall be open to the public unless closed pursuant to statute. R.S. 42:5A. The Open Meeting Law, however, must be liberally construed in favor of assuring that public business is performed in an open and public manner and that citizens are advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. R.S. 42:4.1; Norris v. Monroe City School Bd., 580 So.2d 425 (La.App.2d Cir.1991).
Not only are meetings of public bodies to be open but, with some limited exceptions, citizens have the right to know in advance the subject matter upon which governing bodies will deliberate and vote. R.S. 42:7A(1)(b); Wagner v. Beauregard Parish Police Jury, 525 So.2d 166 (La.App.3d Cir. 1988). Statutory notice must be given by the public body no later than 24 hours before the meeting. The notice must include, among other things, the agenda of the meeting, but by two-thirds vote of the members present, a public body may take up a matter not on the agenda. R.S. 42:7A(l)(b); Jackson v. Housing Authority of New Orleans, 514 So.2d 628 (La.App. 4th Cir.1987).
The primary purpose of the Open Meeting Law and the constitutional provision insuring the right of citizens to participate in the deliberations of public bodies is to protect citizens from secret decisions made without any opportunity for public input. The public has a right to know what is being considered and is entitled to “direct participation” in deliberations as styled by constitution. Delta Development Co. v. Plaquemines Parish Comm. Council, 451 So.2d 134 (La.App. 4th Cir.1984).
The law further provides that any action taken in violation of the provisions of the Open Meeting Law “shall be voidable by a court of competent jurisdiction” by a suit to void any such action filed within sixty days of the action. R.S. 42:9; Wagner v. Beauregard Parish Police Jury, supra. The instant suit was filed within 60 days of the school board’s ruling and is therefore timely.
Any person who brings an enforcement proceeding and prevails is entitled to reasonable attorney fees and other costs of litigation. R.S. 42:11C.

Discussion: Violation of statute

The crux of plaintiff’s argument is that item # 8 on the agenda for November 18 did not give the public any notice that Union Elementary would be closed to provide additional space for the Head Start Program. The school board responds by stating that it was not obligated to place on the agenda every alternative course of action that might provide the extra space. In addition, the board argues, at the time the agenda was posted, the proposal to consolidate Union Elementary with Hodge Elementary had not yet been completed; in fact, Mr. Milstead had not finally decided to make that recommendation.
Contrary to the Board’s assertions, Superintendent Milstead testified that at the *276 time he posted the agenda on the Wednesday before the November 18th meeting, he was “definitely leaning towards” recommending the proposal. He also testified that on the Friday before the meeting he began making final notes on the proposal and was very close to a final decision. By his own admission he was aware that he could post an amended agenda at any time prior to 24 hours before the meeting. R. p. 39.
The record does not suggest that the school board, or Mr. Milstead, intended to act in secret; however, there is an obvious public interest in any action that would move the entire student body, faculty and staff of a rural elementary school. A proposal of this magnitude must be identified more specifically than was done in the instant case. To comply with the law, the Board should have provided notice of even the possibility that Union might be closed.
Admittedly the Board was not required to include in its notice all possible methods for providing additional space for Head Start. However, when the primary solution to the problem entailed closing one school and consolidating it with another, this exceeded the scope of the agenda item as posted. The public is entitled to notice that the Board was considering such disruptive means of solving the problem.
With the finding that the instant notice was inadequate, the Board argues statutory exceptions. The only possible exception to the notice requirement would be if two-thirds of the members present at the meeting voted to enlarge the agenda. R.S. 42:7(A)(l)(b)(ii). Initially this might appear to be the case as the minutes recite that the Board voted 7-3 in favor of closing Union Elementary. However, no vote was taken to expand the agenda before the vote on the proposal took place. The letter and spirit of the Open Meeting Law require that the Board affirmatively vote to enlarge the agenda before the vote on the substantive proposal be taken up. See Wagner v. Beauregard Parish Police Jury, supra. There is no applicable exception to the notice requirement. We are therefore constrained to vacate the action of the Jackson Parish School Board of November 18, 1991, to close Union Elementary and merge it with Hodge Elementary. La.R.S. 42:9, 42:11A(4). Judgment to this effect is rendered herein.

Attorney fees

The remaining issue is whether plaintiffs are entitled to attorney fees under La.R.S. 42:11C, which provides as follows:
If a person who brings an enforcement proceeding prevails, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may award him reasonable attorney fees or an appropriate portion thereof ...
The statute distinguishes between a party who prevails in full and one who prevails in part. In the former case the prevailing party is entitled to attorney fees as a matter of law, while in the latter entitlement to attorney fees is within the discretion of the trial court. Delta Development v. Plaquemines Parish, supra. Here the plaintiffs have prevailed in full and are therefore entitled to attorney fees and costs as a matter of law.
Plaintiffs’ counsel testified as to the number of hours he spent on the case and established that his hourly fee was $75. This testimony was neither contradicted nor contested. At the end of the case he stated for the record that through the end of trial he was worked a total of 32.95 hours. Surely counsel spent at least two more hours writing the appellate brief. We note that counsel’s hourly fee is not unreasonable. He also testified that his costs of litigation amounted to $331.25.
Accordingly we award a reasonable attorney fee of $2,625. plus litigation costs of $331.25. Judgment to this effect is rendered herein.

Decree

For the reasons expressed, the judgment of the trial court is reversed and the action of the Jackson Parish School Board of November 18, 1991, to consolidate Union Elementary, is vacated.
It is further ordered, adjudged and decreed that there be judgment here in favor *277 of the plaintiffs and against the Jackson Parish School Board in the full amount of Two thousand, Nine hundred Fifty-Eight Dollars and '2B/i.oo ($2,958.25) as reasonable attorney fees and costs of litigation.
All trial and appellate costs are assessed to the Board.
REVERSED AND RENDERED.
BROWN, J., concurs in part and dissents in part.