Dear Mr. Lopresto:
This office is in receipt of your opinion request dated May 24, 1996, concerning the Housing Authority of the City of New Iberia. As counsel for the Housing Authority, you have been formally asked by resolution to request our opinion as to whether the Housing Authority is required to publish its minutes in an official journal.
We refer you to LSA-R.S. 42:7.1 which provides:
 A. All public bodies, shall keep written minutes of all of their open meetings. The minutes to be kept by the legislature and legislative committees and subcommittees shall be governed by the provisions of R.S. 42:7.2. The minutes of all other public bodies shall include but need to be limited to:
(1) The date, time, and place of the meeting.
 (2) The members of the public body recorded as either present or absent.
 (3) The substance of all matters decided, and, at the request of any member, a record, by individual member, of any votes taken.
 (4) Any other information that the public body requests be included or reflected in the minutes.
 B. The minutes shall be public records and shall be available within a reasonable time after the meeting, except where such disclosures would be inconsistent with R.S. 42:6, R.S. 42:6.1, and R.S. 42:6.2, or rules adopted under the provisions of R.S. 42:7.2.
In order for the Housing Authority of New Iberia to fall under the scope of this provision, we must first determine whether the Housing Authority is a "public body" within the meaning of this statute.
The creation of the Housing Authority is found in LSA-R.S.40:391 which states:
 In each parish and in each city, there is hereby created a public body corporate and politic known as the housing authority of the city or parish.
 However, the housing authority shall not transact any business or assert its power under this Part until and unless the governing body of the city or parish declares, by proper resolution, that there is need for an authority to function in such city or parish.
Consequently, LSA-R.S. 40:399 mandates:
 In any proceeding relating in any way to any contract of a city or parish authority, the authority shall be conclusively deemed to have become established and authorized to transact business and exercise its powers upon proof of the adoption of a resolution by the governing body of the city or parish declaring the need for the authority. This resolution is sufficient if it declares that there is a need for an authority and finds in substantially the terms of R.S. 40:393 that either or both of the conditions set out therein exist in the city or parish.
 A copy of this resolution, duly certified by the clerk of the city or by the presiding officer of the governing body of the parish, is admissible in evidence in any such proceeding.
The applicable definition of "public body" is provided by LSA-R.S. 42:4.2(2) which reads as follows:
 "Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
Additionally, LSA-R.S. 40:391, cited above, clearly designates the Housing Authority as a "public body corporate and politic". As an entity created by state statute and established and authorized by resolution of the City of New Iberia, the Housing Authority of the City of New Iberia would qualify at the very least as a special commission under LSA-R.S. 42:4.2(2). Moreover, as evidenced by LSA-R.S. 40:381.1, the Housing Authority clearly exercises policy making, advisory and administrative functions. Therefore, the Housing Authority would constitute a public body for purposes of the open meetings law.
The primary purpose of the open meetings law and ArticleXII, § 3 of the Louisiana Constitution (1974), ensuring the right of citizens to participate in the deliberations of public bodies, is to protect citizens from secret decisions made without any opportunity for public input. Delta Development Co., Inc.v. Plaquemine Parish Com'n Council, 451 So.2d 134 (Ct.App. 4 Cir. 1984). Towards this end, the provisions of the open meetings law shall be construed liberally. LSA-R.S. 42:4.1.
Therefore, it is the opinion of this office that the Housing Authority of the City of New Iberia is subject to LSA-R.S. 42:7.1 and must keep minutes of its meetings to be made available within a reasonable time after the meeting. However, this mandate does not require the Housing Authority to publish its minutes in an official journal.
I trust this adequately addresses your concerns. Please contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF:pb
a:cmf/opins96/96-263
Date Received: Date Released: June 17, 1996
Carlos M. Finalet Assistant Attorney General