Dear Mr. Lawrence:
You ask this office to review the actions of the Morehouse Parish Police Jury at a public meeting held May 16, 2007. Of concern is the validity of the police jury's action to remove Mr. James R. "Randy" Bowen as a member of the Morehouse Parish Hospital Service District No. 1 Board of Commissioners.
At the outset, note the police jury is a public body which is subject to the Louisiana Open Meetings Law and all notice provisions contained therein. LSA-R.S. 42:4.2(A)(2). The Open Meetings Law must be liberally construed in favor of assuring that public business is performed in an open and public manner and that citizens are advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. The law further provides that any action taken in violation of the provisions of the Open Meetings Law is voidable by a court of competent jurisdiction by a suit to void any such action filed within sixty days of the action. LSA-R.S. 42:9; Hayes v.Jackson Parish School Board, 603 So.2d 274 (La.App. 2nd Cir. 1992).
Note that R.S. 42:4.1 sets forth the public policy underlying the Open Meetings Law and states:
 It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy.
The notice requirements which must be published prior to the meeting are set forth in R.S. 42:7. stating, in pertinent part: *Page 2 
 § 7. Notice of meetings
 A. (1)(a) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of their regular meetings, if established by law, resolution, or ordinance, at the beginning of each calendar year. Such notice shall include the dates, times, and places of such meetings.
 ***** (ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.
The statutes do not define what constitutes a "sufficient" agenda. This office stated in Opinions 80-128 and 87-649 that "we are of the opinion that an agenda must be reasonably clear so as to advise the public in general terms each subject to be discussed".
Further, the public meetings law permits public bodies to take up non-emergency items that are not on the agenda provided two-thirds of the members present agree to amend the agenda at the public meeting.
We are mindful that the frequent use of the agenda amendment procedure should be avoided because such could become a subterfuge for avoiding advance public notice of the actual agenda. See Opinion 93-230, copy attached. Regarding the use of the agenda amendment, this office has stated:
 The two thirds vote requirement was designed to facilitate the legislative process in that an issue may legitimately arise, when, at the time notice of the agenda was given, discussion of the issue was not contemplated. In those instances where the issue is not on the agenda, and the best interests of the public are served if the issue is to be discussed, then the legislative requirement of a two-thirds vote becomes necessary. It was designed to be an effective economic means to be used in the policy-making process in good faith. See Opinion 79-1492, copy attached.
In the current matter, there was no mention on the agenda that the police jury would consider the removal of Mr. Bowen at the meeting. Rather, at the meeting a unanimous motion was adopted by the police jury to place a police juror "on the agenda to speak about a hospital board member" which evolved into an actual vote for Mr. Bowen's removal. *Page 3 
Here, the technical requirements of the law may have been met because of the unanimous vote of the police jury to place on the agenda a discussion about Mr. Bowen. However, there remains the question of whether or not the motion itself reflected sufficient notice to place as an item on the agenda the removal of Mr. Bowen. Further, a finding that the removal of Mr. Bowen was contemplated at the time the notice of the agenda was given would, of course, invalidate the police jury's action.
These questions present factual determinations which are within the authority of the judiciary and not this office. Mr. Bowen's recourse is provided by statute in R.S. 42:11:
 11. Remedies; jurisdiction; authority; attorney fees
 A. In any enforcement proceeding the plaintiff may seek and the court may grant any or all of the following forms of relief: (1) A writ of mandamus. (2) Injunctive relief. (3) Declaratory judgment. (4) Judgment rendering the action void as provided in R.S. 42:9. (5) Judgment awarding civil penalties as provided in R.S. 42:13.
 B. In any enforcement proceeding the court has jurisdiction and authority to issue all necessary orders to require compliance with, or to prevent noncompliance with, or to declare the rights of parties under the provisions of R.S. 42:4.1 through R.S. 42:12. Any noncompliance with the orders of the court may be punished as contempt of court.
Those actions taken by the police jury which are in violation of the open meetings law are voidable by a court. R.S. 42:9 states:
 § 9. Voidability
 Any action taken in violation of R.S. 42:4.1 through R.S. 42:8 shall be voidable by a court of competent jurisdiction. A suit to void any action must be commenced within sixty days of the action.
It is imperative that any such action is commenced within sixty days of the action of the police jury. An action taken after the sixty days is considered moot.
Regarding the new appointment, we note that the agenda made no mention of the appointment of a new commission member; neither do the minutes reflect a two-thirds vote to amend the agenda. Thus, it is the opinion of this office that the police jury's vote to appoint a new member to the commission is voidable. *Page 4 
Your remaining questions concern whether or not Mr. Bowen was removedfor cause. The power to create a hospital service district, to appoint the commissioners, and to remove the commissioners for cause is granted the police jury under R.S. 46:1061, et. seq. R.S. 46:1053(C)(3) states:
 (3) Any member of the commission may be removed from office for cause and his appointment rescinded by two-thirds vote of the elected membership of the parish governing authority which appointed him.
What constitutes "cause for removal" of a hospital service district commissioner in R.S. 46:1053(C)(3) is not statutorily defined. Further, there is no jurisprudence which defines what "cause" means for removal pursuant to R.S. 46:1053(C)(3).
However, this office has attempted to define those instances constituting cause for removal in Opinions 78-1196 and 80-1594A, which we attach for your review. Both opinions stand for the proposition that removal of a commissioner "for cause" under R.S. 46:1053(C)(3) includes the conviction of a felony while in office, malfeasance, and gross misconduct while in office.
Here, by a vote of six to one of the police jurors, Mr. Bowen, who served as president of the hospital district board, was removed. The "cause" identified preceding the vote on his removal was identified as "the hospital is in financial straits and the chairman [i.e., Mr. Bowen] is not doing his job."
Again, whether or not Mr. Bowen's actions (or inaction) reflect such incompetence or neglect of his duties as a board member which would warrant his removal is a factual determination which this office cannot make. Those factual conclusions are within the authority of the courts.
Finally, the "pre-removal notice" and "opportunity to be heard" requirements are generally applicable only to civil service personnel. Our research reflects a commission member is not covered by civil service laws and thus these rights do not attach to him. See Opinion 80-1594A.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
OPINION NO.: 79-1492
Mr. Robert V. McAnelly.
9 0-E-4 — PUBLIC MEETINGS
Two-thirds vote requirement necessary to discuss matter not on agenda. R.S. 42:7(A)
Mr. Robert V. McAnelly Staff Attorney Louisiana Legislative Council p. 0. Box 44 012, Capitol Station Baton Rouge, Louisiana
Dear Mr. McAnelly:
you have requested an opinion as to the following:
A police jury calls a special meeting. In accordance with law, notice is given and the topic listed on the agenda is "discussion of the parish budget for the upcoming year". At the meeting, the police jury votes to close an old branch library and open a new one by transferring the funds from the old library to the new one.
you state that the police jury voted on this matter without a two-thirds vote. R.S. 42:7(A) states inter alia:
 All public bodies, except the legislature, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting. Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of the public body, the public
body may take up a matter not on the agenda. (emphasis, mine)
The "issue is this: Mas a two-thirds vote necessary since the action taken was not specifically on the agenda — or — Was the action in accordance with law as the decision to open one library and close another was simply part of the overall budget consideration? *Page 2 
Based on the facts you have given, we are of the opinion that the notice given was sufficient to justify the action taken by the police jury and thus a two-thirds vote was not necessary. The Open Meetings Law requires sufficient notice. Notice was given that the budget for the upcoming year was to be discussed. A fortiori, the authority to discuss budgetary matters certainly includes the power to make specific budgetary decisions. Within the meaning of the statute this was not a matter, "not on the agenda (sic)."
The two-thirds vote requirement was designed to facilitate the legislative process in that an issue may legitimately arise when, at the time notice of the agenda was given, discussion of the issue was not contemplated. In those instances where the issue is not on the agenda, and the best interests of the public are served if the issue is to be discussed, then the legislative requirement of a two-thirds vote becomes necessary. It was designed to be an effective economic means to be used in the policy-making process in good faith.
We trust this answers your opinion request. If you need any additional information, please do not hesitate to contact me.
 Very truly yours,
 WILLIAM J. GUSTE, JR.
 ATTORNEY GENERAL
 BY:_____________________
 JOSEPH I. GIARRUSSO, JR.
 Staff Attorney
 JIG, Jr:cc
OPINION NUMBER 76-1196
Mr. Leon A. Picou, Jr.
53 Hospitals
90 Police Juries — Powers and Functions
90-A Political subdivisions-officers agents and sub-divisions
R.S. 46:1051 / Art. X, § 24
R.S. 46:1053 / Art. X, § 25
R.S. 42:1411 / 1974 La.Consti.
Absent specific statutory authority to the contrary, the board of commissioners of a hospital service district shall be composed of 5 members
Mr. Leon A. Picou, Jr. District Attorney Post Office Box 518 St. Francisville, Louisiana 70775
Dear Mr. Picou:
In your letter of September 6, 1978, you ask several questions. First, you ask whether it is legally permissible for the West Feliciana Parish Police Jury to reduce the number of Commissioners on the governing board of the West Feliciana Parish Hospital Service District from seven to five and, if so, which members are to be removed.
As stated in Opinion Number 78-1098, our office can find no provision, constitutional or statutory, which authorized the increase of membership on the hospital service district governing commission of West Feliciana Parish from five to seven members in 1974. This opinion stated the police jury did not have the authority to appoint the sixth and seventh members to the commission in 1974 and that these two members, therefore, have no right to the office and should be removed. We have found no reason to change our views expressed in that opinion.
You next ask whether the police jury has the authority to require the present commissioners to be resi-dents of the five police jury districts of West Feliciana Farish. . . one for each of the five districts. If so, you ask how this is to be accomplished with reference to the existing members.
The police jury may require the appointment of members by district but may not cut short an incumbent commissioner's term of office to effect a "reapportionment" — Removal of a commissioner "for cause" under R.S.46:1052 (c) includes the conviction of a \ill\ while in office, \ill\ and cross \ill\ \ill\ *Page 2 
You state the police jury recently adopted an ordinance reducing the membership on the commission of the West Feliciana Hospital Service District to five and mandating that the members serve from districts. You ask whether this ordinance may constitu-tionally be implemented prior to the expiration of the terms of office of the present members.
That portion of the ordinance reducing the size of the governing commission of the hospital service district to five is valid and may be implemented immediately. The two Commissioners appointed in 1974 should be removed from office. Since the police jury did not have the authority to appoint these additional members, their appointment was not legal.
A hospital service district is the creation of a police jury. (R.S.46:1051) The members of the commission are appointed by the police jury. The sole statutory require-ment is that members of the commission be qualified voters and residents of the district. (R.S. 46:1053) It is the opinion of this office the broad grant of authority to police juries relative to hospital service districts gives them the authority to impose further reasonable qualifications for commissioners. It is the opinion of this office that the action of the police jury requiring commission members to be appointed by district was a reasonable exercise of this authority. We believe, therefore, this additional qualification is legal.
However, once legally appointed, the members of the commission are entitled to remain in office until the expir-ation of their terms or removal for cause under R.S. 46:1053(c). A 1973 Forth Circuit Court of Appeal decision, Giammanco v. Pizzolato, 275 Sc.2d 880, is directly in point. In this case the St. Charles Parish Police Jury removed two hospital service district commissioners from office prior to the end of their terms and without cause. The police jury then reconstituted the board so that every police jury ward in the hospital ser-vice district was represented. The court ordered the two-removed Commissioners reinstated and enjoined the police jury from removing them except for cause. *Page 3 
Therefore, that portion of the police jury ordinance requiring Commission members to be appointee by districts may net be implemented until the expiration of the respective terms of the present members or the occurrence of a legal vacancy.
You next ask what action by a commissioner may be grounds for removal "for cause" under R.S. 46:1053(c). The applicable part of this statute states, "any member of the commission may be removed from office for cause and his appointment rescinded by two-thirds vote of the elected mem-bership of the parish governing authority which appointed him."
The question in this instance is res nova. No causes for removal are enumerated and no court has decided the meaning of "for cause" in this statute. Therefore, we must look to analycous statutes and the prior jurisprudence in attempting to define this phrase.
Article X, Section 24(A) of the 1974 Louisiana Constitution is helpful though not decisive. It states, "A state or district official, whether elected or appointed, shall be liable to impeachment for commission or conviction, during his term of office of a felony or for malfeasance or gross misconduct while in such office."
Article X, Section 25 of the Constitution, states:
 "For the causes enumerated in Paragraph (A) of Section 24 of this Article, the Legislature shall provide by general law for the removal by suit of any state, district, parochial, ward or municipal official except the governor, lieutenant governor and judges of record."
In enacting R.S. 42:1411, the legislature partially complied with this Constitutional mandate. This statute states:
 "Any public officer, whether state, district, \ill\ ward or municipal, whether elected *Page 4 
or appointed, except the Governor, lieutenant governor and judges of the courts of record, shall be liable to removal from office for conviction, curing his term of office of a felony while in such office."
Construing these constitutional and statutory previsions in para rtteriae with R.S. 46:1053 (c), it is clear the conviction of a hospital service district com-missioner of a felcvy while in office would constitute cause for removal under R.S. 46:1053 (c).
Although Article X, Section 24, is not specifically applicable to hospital service district commissioners, we believe the phrase "for cause" is bread enough to include malfeasance or gross misconduct while in office. Therefore, it is the opinion of this office a hospital service district commissioner may be removed by a two-thirds vote of the appointing police jury for the conviction of a felony while in office, malfeasance or gross misconduct `while in office.
In State v. C'Hara, 211 So.2d 6 41, Justice Barham, in the majority opinion, stated improper or wrongful conduct constituting "misconduct" must be willful and intentional. The court further stated that whether or not an act consti-tutes misconduct justifying removal from officemust be determined from the facts surrounding the act, the nature of the act and the intention of the actor.
It is hoped this opinion has answered your questions. If we can be cf further assistance, please contact us.
 Sincerely,
 WILLIAM J. GUSTE, JR.
 ATTORNEY GENERAL
 By:_____________________
 Tommy D. Tea gue
 Staff Attorney
 TCT:bw
OFINION NO. SC-I594-A
Honorable Leon H. Whitten.
HOSPITALS 53
POLICE JURIES 90
R.S. 46:1053(c)
(1)"Cause for removal", as required in R.S. 46:1053(c), may be defined by consultinq the standard set forth in. Leggette and Stiles. (2) A police jury which created a hospital service district may not purport to passess or withhold to itself the power to participate in the daily operations of a hospital service district.
Honorable Leon H. Whitten District Attorney Second Judicial District 319 Main Street Post Office Drawer 666 Jonesboro, Louisiana 71251
Dear Mr. Whitten,
Your request for an opinion of this office has been reviewed and considered by the undersigned. Your questions as here appreciated are as fellows:
 (l)What constitutes "cause for" removal of a hospital service district commissioner as provided in La.R.S.46:1052(c)? and
 (2)Does a local police jury have the authority to participate in the daily operation of a hospital within its designated hospital service district?
No statutory definition of cause for removal has yet been located. Section 1052(c) of La.R.S. Title 4c which provides that hospital service district commissioners may be removed for cause also fails to provide the meaning to be accorded. Moreover, there is no jurisprudence which purports to define what cause is necessary for removal according to La.R.S. 46:1053 (c).
In several recent cases the Courts have created and applied a definition of what constitutes cause for removal of classified civil servants. See Leggett v. Northwestern State Ccllege, 140 Sc.2c5(1962) andStiles v. Department of Public Safety, Driver's License Division, 261 So. 2d 267 (La.App. 1978) .
In Stiles, supra, a definition of cause for removal of a classified employee was succintiy stated. Judge Blanche stated: *Page 2 
 "A classified employee may be dismissed for cause if the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged." 361So.2d 267, at 270.
In the above cases the dismissed employee was a classified civil servant. In regard to an attempted removal of a hospital service district commissioner it would first be necessary to determine whether a commissioner falls within a state, parochial or city civil service system whatsoever. See La.Const. Act.10 section 1 et. seq.
If the hospital service district commissioner is found to be apublic employee but within no civil service system then the above cited cases are of persuasive value only. That is, that they may be consulted prior to attempting to remove a commissioner for cause. This office vigorously suggests that these cases be carefully reviewed since the United States Supreme Court has held that certain public employees are considered to have "property interests" in their employment which are sheltered from arbitrary dismissals by the 14th Amendment of the United States Constitution. See Board of Regents v. Roth, 92 S.Ct.2701 (1972).
If the aforementioned commissioners are determined to be within acivil service system and are found to be classified, the standards set forth in Legget and Stiles would be dispositive of your inquiry.
If the commissioners are reasoned to be unclassified employees it can be inferred that the standard presented in Stiles would be of at least persuasive value and should be considered prior to any attempted removal.
In the opinion request submitted to this office suggestion was made that the malfeasance in Office statute, R.S. 14:134, may be an appropriate standard to refer to when seeking to define cause for removal. It should be noted that no mention in the jurisprudence has yet been made of R.S. 14:134 when defining cause for removal. However, it seems both feasible and appropriate that reference be made to R.S. 14:134
to determine what constitutes cause for removal. Furthermore, it appears that use of R.S. 14:134 to define cause for removal would be equally applicable to both civil service and non civil service employees. Lastly, it should be recognized that R.S. 14:134 may be a standard somewhat more difficult to meet than the text set forth in Legget and Stiles. *Page 3 
For lack of a more precise definition in the Hospital Service District Chapter itself and since there is present and persuasive jurisprudence defining "cause" it is the opinion of this office that cause for removal, as required in R.S. 46:1053(c), may be defined by consulting the standard set forth in Legget and Stiles.
The second inquiry, whether the police jury may participate in the daily operations of a Hospital Service District, must be resolved with reference to the powers expressly granted a police jury by the hospital service district act.
Through La.R.S. 46:1051 the Legislature delegated to police juries the power to create Hospital Service Districts. Also, through section 1053 the Legislature expressly granted police juries the authority to appoint and remove for cause all commissioners appointed to serve on a hospital service district.
It should be recognized that the above are the only powers expressly given to the police jury by the legislature. They were neither granted the power to abolish a district once it is created nor the authorization to perform the duties expressly reserved to the commission.
The argument could be made that within the Police Jury's power to create lies the power to abolish and modify the powers and duties granted to the commission by the legislature. However, it is this office's view that Washing Parish Police Jury v. Washington ParishHospital Service District No. 1, et. al, 152 So.2d 362(La.App. 1963) effectively negates such an argument.
In Washington, supra, the Police Jury argued that it had the inherent power to abolish a Hospital Service District which it had created. The Court of Appeal acknowledged that Police Juries possess inherent power to rescind its official actions. However, the Court stated that police juries are creatures of and subordinate political subdivisions of the State, and they have only such powers as are conferred upon them by the constitution and laws of the State. In conclusion the Court further opined that:
 The legislature intended all Hospital Service Districts formed pursuant to the authority of R.S. 46:1051-46:1067 enjoy perpetual existence and that such agencies of the State are not subject to termination by the several Police *Page 4 
Juries in the State save and except with express constitutional or legislative authorization."
The clear implication from Washington, supra, is that, in regard to hospital service districts, the Police Juries have only such powers as are expressly granted to them by the Legislature. The objects and purposes of hospital service districts are legislatively provided in R.S. 46:1052. Section 1052 states in pertinent part:
 The objects and purposes of the hospital service districts and the governing bodies created under the provisions of this chapter shall be:
 1.To own and operate hospitals for the care of persons suffering from illnesses or disabilities which require that patients receive hospital care.
 2.To administer other activities related to the sick and injured or in the promotion of health which may be justified by the facilities, personnel, funds and other requirements available. (Emphasis added)
Implied within the language underlined above is the notion that the commission has the sale authority to control, manage and operate hospitals and hospital care within the respective hospital service district.
Nowhere within the Act is there an express reservation which purports to grant a police jury the ability to participate in a hospital service district's daily operations.
Concerning the specific matters of who determines the salaries and supervision of employees R.S. 46:1055 should be reviewed. Section 1055 provides the powers and duties of an established commission. The Section states:
 A. In addition to the duties defined elsewhere in this Chapter, the commission shall have the duty and authority: *Page 5 
 (1)To represent the public interest in providing hospital and medical care in the district.
 (2)To advise the police jury and the hospital director on problems concerning the operation of the hospital and other facilities.
 (3)To make, alter, amend, and promulgate rules and regulations governing the conduct of the hospital.
 (4)To conduct hearings and pass upon complaints by or against any officer or employee of the district.
 (5)To review and modify, or set aside any action of the officers or employees of the district which the commission may determine to be desirable or necessary in the public interest.
 (6)To appoint, with the approval of the medical staff, a director of the hospital and to perform such other duties as may now or hereafter be re-quired by law.
 (7)To appoint the necessary standing and special committees which may be necessary to carry out the purposes of this Chapter.
 (8)To establish rates of pay for the use of facilities provided by the district.
 (9)To enter into lease agreements with recognized and duly constituted non-profit associations which are primarily engaged in the operation of hospitals. *Page 6 
 B.In addition to the powers and duties set forth in Subsection A hereof, the commission may enter into a special services agreement with a hospital management firm or hospital to manage, operate, and administer a hospital or hospitals under the control of the commission for the benefit of the hospital service district. The notice of intent to enter into a special services agreement shall be published in the official journal at least sixty days prior to the effective date of the contract. (Emphasis provided).
The above underlined portion of sub-section (B) indicates that a commission may delegate its powers to manage, administer and operate the hospitals within its district. Implicit within this ability to delegate is the presumption that the commission itself has the power and duty to properly manage, administer and operate hospitals within its district.
The particular determination now necessary is whether or not the supervision and setting of employee's salaries are within a commission's granted powers and duties.
The ordinary meaning accorded the phrase "to manage" is, to carry on concerns or business; or, to handle or use money, supplies etc. carefully. Similar ideas are purveyed by the concepts of "to administer" and "to operate."
The above ordinary meaning accorded to the idea "to manage" indicates that the commission has the power and duty to prudently conduct the business affairs of the hospitals within its district. Encompassed within this power to conduct business affairs is the ability to supervise employees of the hospitals in the hospital service district.
In further support of the proposition that the commission has the power to supervise and fix employees' salaries is Bertrand v. Sandoz, 255 So.2d 754(La. 1971). The Supreme Court began its opinion with a thorough discussion of the powers and duties granted to a hospital service district. In commenting upon the powers of the hospital service district the Court stated:
 "The power is granted to incur debt and contract obligations and to do and perform any and all acts necessary and proper for carrying cut the purposes for which the hospital service district is created." *Page 7 
The Court indicates that the commission may perform any and all acts necessary and proper for carrying out the purposes stated in R.S.46:1052.
In pragmatic terms the supervision of and the setting of hospital employee's salaries falls within the normal operations of a hospital. Thus, it is this writer's belief that the commission or its agent has the power and duty to supervise and set the salaries of hospital employees within its respective district.
Since daily operations of local hospitals are granted to the hospital service district (and its commissioners) by the legislature and because the legislature has not yet granted police juries the power to participate in a hospital service district's daily operations or to modify the district's powers, it is the opinion of this office that a police jury which created a hospital service district may not purport to passess or withhold to itself the power to participate in the daily operations of a hospital service district.
If this office may be of future assistance in this or any other matter please do not hesitate to contact us.
 Sincerely,
 WILLIAM J. GUSTE, JR.
 Attorney General
 BY:_________________
 PATRICK G. QUINLAN
 Assistant Attorney General
 PGQ/fd