Dear Mr. Eschete:
This office is in receipt of your request for an opinion of the Attorney General in accordance with a resolution of the Thibodaux City Council in regard to the Open Meetings Law.
You indicate a member of the Thibodaux City Council organized a meeting between a local developer and residents of a local subdivision in order to enable the developer to explain to the residents the substance of a proposed renovation to a store near the subdivision, and thereby clarify some misconceptions of the pro-posed renovations. The Council member sent a letter to some of the residents in the subdivision informing them of a time and place at which the meeting would be held. At no time had the Councilman attempted to convene a 3 member quorum of the Council, and never formally invited the City Council to attend the meeting. Inasmuch as each member had received a copy of the letter sent to the subdivision residents, on the date of the meeting another Council member arrived shortly before its commencement. For approximately ninety minutes the developer and residents discussed their concerns, and about ten minutes prior to the end of the meeting, a third Council member arrived, sitting in the audience.
You further point out that although a Council member informally opened the meeting, he did not preside or moderate the conversations, and none of the Council members present assembled to speak to each other during or after the meeting. Moreover, at that time there was no pending legislation before the City Council pertaining to the anticipated renovations.
Subsequent to this meeting the local newspaper accused the Council of a violation of the Open Meetings Law, and the accusation precipitated this request to ask for a determination by this office if this meeting did indeed violate the Open Meetings Law.
Pertinent to your inquiry is R.S. 42:5 which requires that "every meeting of any public body shall be open to the public", and that "citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy." Additionally, R.S. 42:7 requires in part that all public bodies give written public notice of regular and special meetings.
In this regard it is significant to recognize that R.S. 42:4.2 in Paragraph (1) defines "Meeting" as follows:
 "Meeting" means the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power. (Emphasis added.)
We note that "convening" is defined in Webster's 3rd New International Dictionary as to come together, meet, or assemble in a group or body (as in a formal meeting for some specific purpose)." This office has observed that the convening of a committee is only that of its members and not observers.
While we recognize under R.S. 42:4.1 that the Open Meetings Law is to be construed liberally, we do not find, under the facts we have been given as applied to the law, that there was a "convening" of a quorum of the Councilmen to deliberate or act on a matter over which they had supervision. We find support for this conclusion in the light of the fact that the third councilman did not arrive until shortly before the conclusion of the meeting, sat in the audience, and there was no deliberation between the three Council members present.
It is well established that the primary purpose of the Open Meetings Law is to insure that citizens be advised of the deliberations by public officials that go into making of public policy, and thereby protect them from secret decisions without public input. Delta Development Co.Inc. v. Plaquemine ParishCom'n Council, 451 So.2d 134 (Ct.App. 4 Cir 1984), Atty. Gen. Op. Nos. 96-263, 95-145. We do not find that the meeting in question in any way was a deliberation by the City Council who had convened as a public body, but simply a discussion in a public forum attended by three Councilmen, two as observers. While there was no general public notice of the meeting, there clearly was no intent that the discussion be a secret deliberation, but was a situation where it appears notice was only given to the public sector most directly affected.
Inasmuch as we find that a quorum of the City Council did not convene as a public body by the attendance of three Councilmen at the meeting arranged by one Councilman to have information disseminated and discussed that would be of concern to a particular group of residents, we do not find any violation of the Open Meetings Law. A distinction must be made between the convening of officials in their capacity as a public body, and those officials attending a public forum as interested observers.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Mr. Tommy Eschete City Clerk P.O. Box 5418 Thidodaux, LA 70302
Date Received: Date Released: March 14, 2000
BARBARA B. RUTLEDGE Assistant Attorney General