Moreover, even though section (3) begins with the phrase, "In addition to the other provisions of this Section," section (3) continues by enumerating additional burdens placed on the sellers of movables; thereby removing the possibility that section (3) simply adds to the requirements contained in sections (1) and (2). Section (1) does not apply to sellers of movables. Additionally, the Louisiana Legislature could have easily incorporated the residential limitation into section (3), as was done in section (2). However, the Legislature did not do so. As such, we find that La. R.S. 9:4802(G) is clear and unambiguous.
We find that the strict meaning of section (3) requires the sellers of movables to provide notice of nonpayment to the general contractor and owner in order to retain the "right to file a privilege or lien." Reading the statute alternatively would enlarge the rights granted to the materialmen, which would contravene our guidelines. See Sec. Homestead Ass'n , 232 So.2d at 900.
AP also contends that notice was not required because no notice requirement is contained in La. R.S. 9:4822. La. R.S. 9:4822 is entitled "[p]reservation of claims and privileges" and cites to 9:4802 numerous times. Section A of § 4822 also contains the following language: "the persons to whom a claim or privilege is granted by R.S. 9:4802 shall ...." Thus, it is clear *399 that the two statutes must be read in conjunction with one another. § 4822 enumerates the time period in which parties granted a right to a claim or privilege, pursuant to § 4802, must file the claim or privilege.[3] Conversely, § 4802(G)(3) contains a specific requirement placed upon sellers of movables whose products were consumed during work on an immovable or incorporated into the immovable during construction.
"Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible, but that if there is a conflict the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." Delta Dev. Co., Inc. v. Plaquemines Par. Comm'n Council , 451 So.2d 134, 138 (La. App. 4th Cir. 1984). Harmonizing these two statutes is not problematic. When read in congruence, § 4802(G)(3) places additional requirements upon a party attempting to secure a valid lien if the party was 1) a seller of movables, 2) unpaid by the subcontractor, 3) dealing with a recorded contract, and 4) the materials supplied were used to improve an immovable. Therefore, we find this assertion lacks merit. Thus, we find that La. R.S. 9:4802(G)(3) requires that the seller of movables provide notice of nonpayment to the owner and general contractor in order to preserve the right to a lien.
BURDEN OF PROOF ON SUMMARY JUDGMENT
Having found that notice of nonpayment is required pursuant to La. R.S. 9:4802(G)(3), we now examine whether AP met the burden of proof required on a motion for summary judgment.
RAC obtained a bond from Travelers to remove AP's lien and clear title to the project. The "Release of Lien" completed by RAC and Travelers contains the following proviso:
Now the condition of the above obligation is such that in the event the legality of the aforesaid claim of Lien is established by suit or otherwise, this bond shall remain in full force and effect to protect the interest of the claimant in the premises, and to secure payment of said claim.
Thus, we must determine whether AP presented sufficient evidence to show that the lien was valid such that there were no remaining genuine issues of material fact and that AP was entitled to judgment as a matter of law.
The trial court stated the following at the hearing on AP's Motion for Summary Judgment:
Well, I'm going to be honest with you. I think that they have a good lien. I do. I do. I mean, you just can't-I do. When it says that, I mean, we're not talking about a mom and pop shop. We're not talking about a little three bedroom, two and a half bath home, we're talking about a-you said 60 Million. You know, so this is commercial. This is serious commercial. And so somebody got to pay them. And now it's a part of the building. So what, you just get them for free?
* * *
But it's a lien. And like I said, I believe it's a lien. So now we need to move forward; need to go to the next step. So I'm going to grant that Summary Judgment.
As evidence to support its Motion for Summary Judgment against RAC and Travelers, AP attached the invoices of the *400 materials purchased by CCT for the project. AP also attached the affidavit of Brent Isaaks, a member of AP. Mr. Isaaks stated that the materials were delivered to the project. However, AP did not produce evidence that notice of nonpayment was given. Thus, the burden on RAC and Travelers was "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1).
RAC and Travelers attached the affidavit of Frank Dudenhefer, III, the Vice President of RAC. Mr. Dudenhefer stated that, "[b]ased upon my personal knowledge, RAC did not receive any notices of nonpayment from AP Interiors concerning any alleged amounts owed to AP Interiors before AP Interiors recorded its Lien." Thus, a genuine issue of material fact then existed as to whether the required notice was given. Once this burden shifted again, AP could not produce evidence to confirm notice of nonpayment. This lack of evidence is fatal to a motion for summary judgment.
We find that the trial court erroneously found that AP's lien was proven valid on summary judgment because genuine issues of material fact exist as to whether the proper notice was given. Accordingly, we reverse the judgment of the trial court granting AP's Motion for Summary Judgment and remand the matter for further proceedings.
DECREE
For the above-mentioned reasons, we find that notice of nonpayment is required pursuant to La. R.S. 9:4802(G)(3). Further, we find that the trial court erroneously granted AP's Motion for Summary Judgment, as genuine issues of material fact exist as to whether the proper notice was given. The judgment of the trial court is reversed, and we remand for further proceedings.
REVERSED AND REMANDED

§ 4822 also includes the criteria for "substantial completion," "notice of termination of the work," as well as other requirements not pertinent to this appeal.