DEEP SOUTH CENTER FOR
ENVIRONMENTAL JUSTICE,
VAYLA NEW ORLEANS,
JUSTICE AND BEYOND, 350
NEW ORLEANS, SIERRA
CLUB, MR. THEODORE
QUANT AND MS. RENATE
HEURICH

                \*          NO. 2019-CA-0774

                \*

                      COURT OF APPEAL

                \*

                      FOURTH CIRCUIT

                \*

                      STATE OF LOUISIANA

               \* \* \* \* \* \* \*

VERSUS

THE COUNCIL OF THE CITY
OF NEW ORLEANS, THE
UTILITY, CABLE,
TELECOMMUNICATIONS
AND TECHNOLOGY
COMMITTEE OF THE NEW
ORLEANS CITY COUNCIL,
JASON R. WILLIAMS, STACY
HEAD, SUSAN G. GUIDRY,
LATOYA CANTRELL,
NADINE M. RAMSEY, JARED
C. BROSSETT, AND JAMES A.
GRAY, II

CONSOLIDATED WITH:

CONSOLIDATED WITH:

DEEP SOUTH CENTER FOR
ENVIRONMENTAL JUSTICE,
VAYLA NEW ORLEANS,
JUSTICE AND BEYOND, 350 NEW
ORLEANS, SIERRA CLUB, MR.
THEODORE QUANT AND MS.
RENATE HEURICH

NO. 2019-CA-0775

VERSUS

THE COUNCIL OF THE CITY OF
NEW ORLEANS, THE UTILITY,
CABLE,
TELECOMMUNICATIONS AND
TECHNOLOGY COMMITTEE OF
THE NEW ORLEANS CITY
COUNCIL, JASON R. WILLIAMS,
STACY HEAD, SUSAN G.
GUIDRY, LATOYA CANTRELL,
NADINE M. RAMSEY, JARED C.
BROSSETT, AND JAMES A.
GRAY, II

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-03843, DIVISION "I-14"
Honorable Piper D. Griffin, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Paula A. Brown, Judge Dale N. Atkins)

Monique C. Harden
DEEP SOUTH CENTER FOR ENVIRONMENTAL JUSTICE
9801 Lake Forest Blvd.
New Orleans, LA 70127

William Patrick Quigley
LOYOLA UNIVERSITY - SCHOOL OF LAW
7214 St. Charles Avenue
Box 902
New Orleans, LA 70118

Alexander "Sascha" Bollag
GREEN JUSTICE LEGAL
540 Broadway Street, Room 304
New Orleans, LA 70118

Susan Stevens Miller
EARTHJUSTICE
1625 Massachusetts Avenue, N.W.
Suite 702
Washington, DC 20036

COUNSEL FOR PLAINTIFF/APPELLEE

Richard C. Stanley
W. Raley Alford, III
Kathryn W. Munson
STANLEY, REUTER, ROSS, THORNTON & ALFORD, L.L.C.
909 Poydras Street
Suite 2500
New Orleans, LA 70112

Corwin M. St. Raymond
Deputy City Attorney
William R. H. Goforth
Assistant City Attorney
Donesia D. Turner
Senior Chief Deputy City Attorney
Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112

Adam J. Swensek
Executive Counsel
NEW ORLEANS CITY COUNCIL
1300 Perdido Street, Room 1E6
New Orleans, Louisiana  70112

Timothy S. Cragin
Harry M. Barton
ENTERGY SERVICES, INC.
639 Loyola Avenue
L-ENT-26E
New Orleans, LA 70113

James M. Garner
Debra J. Fischman
Stuart D. Kottle
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street
Suite 2800
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED IN PART AND REVERSED IN PART**
**FEBRUARY 12, 2020**

Appellants, Entergy New Orleans, LLC ("Entergy") and The Council of the City of New Orleans (the "Council"), appeal the trial court's June 14, 2019 judgment voiding the Council's March 8, 2018 decision to adopt Resolution R-18-65 (the "Resolution"), which granted Entergy authorization to build the New Orleans Power Station (the "NOPS") in New Orleans East due to the violations of the Open Meetings Law, La. R.S. 42:11, *et seq.* that occurred at the Council's February 21, 2018 Utility, Cable, Telecommunications, and Technology Committee (the "Committee") meeting. For the reasons that follow, we affirm the decision of the trial court in part and reverse in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 20, 2016, Entergy filed an initial application with the Council for authorization to build the NOPS. The Council established Council Docket No. UD-16-02 to consider the application. The Council set a procedural schedule for Entergy's application, which directed, among other things, that Entergy hold public meetings on the NOPS to give information to members of the public and provide the public an opportunity to comment. The Council adopted another resolution on August 10, 2017, which ordered an additional public hearing to be held in the

1

Council Chamber on October 16, 2017.[1] Several public interest groups intervened as parties to the Council Docket No. UD-16-02, including Deep South Center for Environmental Justice, 350 New Orleans, and the Sierra Club.

Following the completion of the procedural schedule under the Council Docket No. UD-16-02, the Committee met on February 21, 2018, to consider the Resolution to construct the NOPS. If approved by the Committee, the Resolution would then be recommended to be considered by the full Council. An agenda published five days prior to the meeting stated that each party to the proceeding would be given fifteen minutes for closing argument, and each non-party would be allowed two minutes for comment. However, while supporters of Entergy (who were later discovered to be actors paid to attend the meeting and show support for Entergy) were given preferential access to the meeting room, approximately fifty to sixty members of the public were prohibited from entering the meeting due to purported limited space. The procedures outlined in the agenda regarding who was allowed to speak at the meeting were not followed. Representatives of Entergy, which was a party to the proceeding, were allowed to give public comment during the portion of the meeting reserved for non-party comment, while representatives of other interested parties did not give a comment due to their belief that it was prohibited by the agenda. At the conclusion of the meeting, the Committee voted four-to-one to refer the Resolution to the full Council.

---

[1] The October 16, 2017 meeting is not before this Court on appeal. However, there were several members of the public who attended this meeting, and not all those who attended were able to enter the meeting. Appellees argue that, because many members of the public were prohibited from entering the meeting room due to limited space while Entergy supporters were seemingly allowed immediate entry into the meeting on October 16, 2017, the Council should have anticipated the interest in Entergy's application to build the NOPS, and planned accordingly for the Committee and Council meetings.

A full Council meeting was held on March 8, 2018. Once again, there was a large attendance at the meeting, and some attendees were not given immediate access due to limited space. However, unlike the Committee meeting, all those who wished to observe the meeting and provide comments were eventually given an opportunity to do so. At the conclusion of the meeting, the Council voted six-to-one to approve the construction of the NOPS.

On April 19, 2018, Deep South Center for Environmental Justice, VAYLA New Orleans, Justice and Beyond, 350 New Orleans, Sierra Club, Mr. Theodore Quant, and Ms. Renate Heurich (collectively, the "Appellees") filed a Petition to Enforce the Louisiana Open Meetings Law, For Declaratory Judgment, Injunction, Attorneys' Fees and Costs, and Memorandum in Support ("the Petition") in Orleans Parish Civil District Court. The Appellees asked the trial court to declare that the February 21, 2018 Committee meeting and March 8, 2018 Council meeting violated Open Meetings Law; to declare the Resolution of the March 8, 2018 meeting void; and to enjoin Appellants from constructing the NOPS.

Appellees alleged that, because members of the public were prevented from entering the meeting for observation and comment and supporters of Entergy were given preferential access to the meetings, the Open Meetings Laws were violated at both the Committee and the Council meetings. As attachments to the Petition, Appellees included the affidavits of several individuals who attested to being prevented from observing the meetings and providing comment after being told there was no available space, while also seeing representatives of Entergy being allowed to enter the meeting room. The affidavits attached to Appellees' Petition also included accounts from individuals who claimed they were made to stand in the hallway outside the Committee meeting for several hours and were threatened

3

with arrest by security guards if they attempted to enter the meeting. An affidavit of Ms. Heurich, one of the Appellees, stated she attended the Committee meeting and was told there was no available space in the meeting room, but when she snuck past security and entered the room, she was made to leave, even though she observed approximately thirty empty seats inside.

Appellees stated that the agenda for the Committee meeting was changed while the meeting was in progress, in violation of the Open Meetings Law because representatives of parties to Council Docket No. UD-16-02 were allowed to speak during the public comment period at the Committee meeting despite the agenda expressly prohibiting this. They also alleged that the agenda for the Council meeting did not provide a sufficiently specific description of the Council's consideration of the Resolution. On July 7, 2018, Appellees filed an Amended Petition alleging that there were paid actors present at the Committee meeting who prevented community members from entering the meeting and making comments, which was also a violation of Open Meetings Law.

The Council answered the Petition, arguing that both the Committee meeting and the Council meeting complied with the Open Meetings Law as both were open to the public, were streamed live for concerned people to watch online, and allowed for several hours of public comment. The Council argued that the Open Meetings Law does not require that every single person who wishes to observe a meeting of a public body be able to observe it and be present, only that the meetings be reasonably open to the public. The Council further asserted the meetings were reasonably open, but that the rooms in which the meetings were held simply could not accommodate the amount of people who were present. They argued that security was used to keep the meeting from being disrupted and to

4

ensure adherence to fire codes. The Council also argued that voiding the Resolution would be a disservice to the public interest because of the City's need for the NOPS.

A hearing on Appellees' Petition was held on July 19, 2018. At the conclusion of the hearing, the trial court took the matter under advisement. After several delays,[2] the trial court rendered judgment on June 14, 2019, in favor of Appellees, declaring the Resolution void because the policy behind the Open Meetings Law was not properly adhered to. The trial court found that actions by Entergy amounted to Open Meetings Law violations at the Committee meeting on February 21, 2018, which the trial court stated was a "necessary component" in the Council's adoption of the Resolution at the Council meeting on March 8, 2018, and which rendered the Resolution void. The trial court found no violations occurred at the Council meeting.

This appeal[3] followed.

## DISCUSSION

Although Appellants filed separate briefs and worded their assignments of error differently, they both argue that the district court erred in declaring the actions by the Council violated the Open Meetings Law and in voiding the Resolution for the same three reasons. First, they argue the Open Meetings Law

[2] The delays were requested by Appellees because the Council had launched an investigation into the allegations of paid actors being at the Committee meeting, and both Appellees and the trial court believed the report from the investigation would be relevant to the trial court's decision. The investigation report was issued in the fall of 2018 and found that, indeed, paid actors were present at the Committee meeting. It further found that Entergy knew or should have known that its contractor, Hawthorn, procured these actors. The report included evidence that Charles Rice, President and CEO of Entergy, discussed in text messages and emails with representatives of Hawthorn about having supporters for the NOPS present at Council meetings, and even discussed costs associated with having them.

[3] Though Entergy was not named as a party in the Petition, Entergy moved for an appeal pursuant to La. C.C.P. art. 2086, which allows an appeal when an unnamed party could have properly intervened in the trial court.

applies only to public bodies, and because Entergy is not a public body, any action Entergy may or may not have taken does not render the Resolution voidable because Entergy is a private entity. Second, Appellants argue that any violation which may have occurred at the Committee meeting was cured by the Council meeting, and that the trial court erred in finding that the Committee meeting was a "necessary component" of the Council meeting because the Home Rule Charter does not require the Council to hold a committee meeting. Finally, Appellants argue that, even if there were violations of the Open Meetings Law that were not cured, the trial court abused its discretion in voiding the Resolution. We address each argument in turn.

## STANDARD OF REVIEW

Article XII, § 3 of the Louisiana Constitution states that "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." This constitutional provision is meant to ensure that citizens are able to observe deliberations of public bodies and protect them from secret decisions being made without any opportunity for input. *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 2001-1951, p. 14 (La. App. 1 Cir. 12/28/01), 805 So.2d 400, 409 (citing *Delta Development Company, Inc. v. Plaquemines Parish Commission Council*, 451 So.2d 134, 138 (La. App. 4 Cir.), *writ denied*, 456 So.2d 172 (La. 1984).

The Louisiana legislature enacted the Open Meetings Law, La. R.S. 42:11, *et seq.*, to ensure that the protections of Article XII, § 3 are fulfilled. La. R.S. 42:12(A) states the purpose of the Open Meetings Law:

> It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials

6

and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of [La. R.S. 42:11 through La. R.S. 42:28] shall be construed liberally.

Under the Open Meetings Law, every meeting of a public body must be open to the public, unless it is one of those few that are closed subject to statutory provisions. La. R.S. 42:14. The provisions of the Open Meetings Law shall be construed liberally. La. R.S. 42:12. Actions taken in violation of the Open Meetings Law are voidable by a court of competent jurisdiction. La. R.S. 42:24.

The trial court's ruling voiding the Resolution based on the finding that the policy behind the Open Meetings Law was not adhered to concerns both issues of interpretation of the Open Meetings Law, as well as its application. "Regarding issues of law, the standard of review of an appellate court is simply whether the court's interpretive decision is legally correct." *Duhon v. Briley*, 2012-1137, p. 4 (La. App. 4 Cir. 5/23/13), 117 So.3d 253, 257-58 (citing *Glass v. Alton Ochsner Medical Foundation*, 2002-412, p. 3 (La. App. 4 Cir. 11/6/02), 832 So.2d 403, 405. "Accordingly, if the decision of the trial court is based upon an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court." *Id. See also Pelleteri v. Caspian Grp. Inc.*, 2002-2141, 2002-2142, p. 7 (La. App. 4 Cir. 7/2/03), 851 So.2d 1230, 1235; *Ohm Lounge, L.L.C. v. Royal St. Charles Hotel, L.L.C.*, 2010-1303, p. 4 (La. App. 4 Cir. 9/21/11), 75 So.3d 471, 474. Meanwhile, whether the Open Meetings Law has been violated is a question of law, subject to *de novo* review. *Harper v. State ex rel. Its Dep't of Health & Hosps.*, 2014-0110, p. 7 (La. App. 4 Cir. 9/9/15), 176 So.3d 479, 486.

7

## I. Applicability of Open Meetings Law

Appellants argue that Entergy, as a private entity, is not required to comply with the Open Meetings Law and any violations Entergy may have committed cannot properly lead to voiding the Resolution. Appellees counter that the Committee is a public body that must ensure its proceedings comply with the Open Meetings Law. Thus, if the Committee—and by extension, the Council—did not ensure compliance with the Open Meetings Law, it is of no moment how the violations occurred for the action to be voidable. We agree.

La. R.S. 42:13(A)(3) defines a public body:

> "Public body" means village, town, and **city governing authorities**; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, **including any committee or subcommittee of any of these bodies** enumerated in this paragraph. (Emphasis added).

Here, it is undisputed that the Council, as a governing authority of the City of New Orleans is a "public body" subject to Open Meetings Law. The Utility, Cable, Telecommunications, and Technology Committee is a committee of the Council and as such is a "public body" under La. R.S. 42:13(A)(3). Therefore, all of the Committee's meetings, including the meeting of February 21, 2018, must be in compliance with the Open Meetings Law.

As public bodies, both the Committee and the Council have the responsibility of ensuring that their meetings comply with the Open Meetings Law. Under La. R.S. 42:24, if the Committee or the Council do not ensure the Open Meetings Law is not violated at its meetings, the actions taken at the meeting are voidable and the cause of the violation is not relevant. Therefore, we find no merit

to Appellants' argument that Entergy's actions—though they were those of a private entity—could not have led to a violation of the Open Meetings Law.

## II.    Violations of Open Meetings Law and Ratification

Next, we turn to whether there were, in fact, violations of the Open Meetings Law at either the Committee meeting or the Council meeting. Appellees contend that there were violations of the Open Meetings Law at both meetings. First, they argue that, because citizens were prevented from entering both meetings for observation and comment, Article XII, § 3 of the Louisiana Constitution and the Open Meetings Law were violated because not *all* interested citizens were allowed to observe the deliberations and provide comment. Second, they argue that the agendas were untimely changed in violation of the Open Meetings Law. For the Committee meeting, Appellees argue that, by allowing parties to the proceedings to provide comment during the public comment portion of the meeting despite the explicit wording of the agenda that stated each party to the proceeding would be given fifteen minutes for closing argument and each non-party would be allowed two minutes for comment, the agenda was changed less than twenty-four hours prior to the meeting, in violation of La. R.S. 42:19(A)(1)(b)(ii)(aa).  La. R.S. 42:19(A)(1)(b)(ii)(aa) provides that public bodies must give written public notice of meetings, and the notice "shall include the agenda, date, time, and place of the meeting. The agenda shall not be changed less than twenty-four hours, exclusive of Saturdays, Sundays, and legal holidays, prior to the scheduled time of the meeting." For the Council meeting, Appellees argue that the agenda item regarding the Resolution was not described with reasonable specificity, in violation of La. R.S. 42:19(A)(1)(b)(ii)(bb).

9

Appellants dispute that there were Open Meetings Law violations at either the Committee meeting or the Council meeting, arguing that there was opportunity for citizens to observe the meetings in person or through television broadcast and online streaming, making the meetings reasonably open. They contend that Appellees' argument that all interested citizens be able to observe meetings in person places an unreasonable expectation on public bodies. Further, Appellants argue it would be unreasonable to expect the Committee or the Council to shut out citizens from attending meetings based on any financial or other motives they may have for being present, or for the Council to be expected to ascertain those motives in advance. Appellants further rely on the trial court's finding that no violation of the Open Meetings Law occurred at the Council meeting to support their argument that the Council meeting "cured" or "ratified" any violations that may have occurred at the Committee meeting.

### The Committee Meeting on February 21, 2018

Based on our review of the record, we find, as the trial court did, that the Committee violated the Open Meetings Law at its February 21, 2018 meeting. The record reflects that the Committee published its agenda for the February 21, 2018 meeting on February 16, 2018. The agenda included one item: the Resolution and Order Regarding the Application of Entergy New Orleans, Inc. for Approval to Construct the NOPS, Docket No. UD-16-02. The agenda further provided that each party to the proceeding would be allowed fifteen minutes for closing argument and that "[e]ach public speaker, not a party, will be allowed two minutes" during a public comment period. The Committee did not follow the agenda for the meeting as published. The record shows, however, that the procedure for allowing public comment was altered—apparently *ad hoc* as the meeting was in progress—to allow

10

anyone, including parties to the proceeding, to make comments during the open comment period. As a result, some representatives of parties who attended the meeting attempted to adhere to the procedure stated in the agenda and not make comments during the public comment period, while representatives of Entergy, who was also a party, were allowed to make comments during the public comment period in addition to making closing arguments. This change to the procedure of the agenda was made less than twenty-four hours before the meeting, in violation of La. R.S. 42:19(A)(1)(b)(ii)(aa), which prohibits the change of an agenda "less than twenty-four hours, exclusive of Saturdays, Sundays, and legal holidays, prior to the scheduled time of the meeting."

Appellants contend that, even if the agenda was not completely adhered to, this amounted to only a "technical" violation of the Open Meetings Law. We disagree. The notice requirement in La. R.S. 42:19(A)(1)(b)(ii)(aa) serves to advance the purpose of the Open Meetings Law because it "ensure[s] that if a member of the public wants to be heard on a matter or observe a public body's deliberations on an issue, he or she can check the agenda posted twenty-four hours in advance to see if the matter is scheduled for consideration." La. Op. Att'y Gen. No. 15-0122 (2016). In this instance, the agenda procedure also served to help ensure that those who wanted to provide comments at the Committee meeting were given that opportunity and were aware of when they could or could not speak.

Not only was the agenda untimely changed in violation of the Open Meetings Law, but the record reflects that members of the public were deprived of the opportunity to observe the meeting and provide comments during the public comment period at the Committee meeting due to both the change in procedure and the barring of comments from members of the public who were made to wait in the

11

hallway due to limited space. The record shows that members of the public who attended the meeting were prohibited from entering the meeting room and were told that there was no available space. They were also told they could not fill out comment cards to provide comments unless they were in the meeting room. The record also reflects that the individuals whom Entergy paid to attend the meeting and show support for the NOPS did not leave the meeting room once they made comments, and many members of the public left without having the opportunity to observe the Committee meeting or provide comment because they believed they would not be able to enter the meeting at all. The purpose of the Open Meetings Law is to allow members of the public to observe the meetings of their governing bodies and voice their opinions in the decision-making process, and this purpose was not served at the Committee meeting. La. R.S. 42:12(A); *Joseph*, 2001-1951, p. 14, 805 So.2d at 409; *Delta Development Company, Inc.*, 451 So.2d at 138. Thus, we find that the Committee violated the Open Meetings Law at its February 21, 2018 meeting.

### *The Council Meeting on March 8, 2018*

Next, we address the alleged violations that occurred at the Council meeting. Appellees contend that the Council violated the Open Meetings Law by: (1) again preventing members of the public from entering the meeting and providing comment as the Committee did in its meeting of February 21, 2018; and (2) publishing an agenda that was not specific enough under La. R.S. 42:19(A)(1)(b)(ii)(bb). We disagree.

First, unlike the Committee meeting, the record does not reflect that members of the public were barred from observing the Council meeting or providing comment. The record shows that the Council made efforts before the

12

meeting to ensure that the Open Meetings Law requirements were met, including broadcasting the meeting and streaming it online, as well as stating that it would remedy the issues that arose at the Committee meeting by providing an opportunity for observation and comment to everyone. While the Council meeting was widely attended and not all members of the public who wished to enter the meeting were able to at first, the record reflects that, eventually, all those citizens who attended the meeting and wished to observe it and provide comment were given the opportunity, as the Council said. The record also reflects that the Council allowed those citizens who were waiting in the hallway to fill out comment cards to provide comment and that the Council allowed comments for several hours at the Council meeting.

Second, the record contradicts Appellees' argument that the agenda for the Council meeting was not specific enough under La. R.S. 42:19(A)(1)(b)(ii)(bb). In support of their argument, Appellees cite *Hayes v. Jackson Par. Sch. Bd.*, 603 So. 2d 274 (La. App. 4th Cir. 1992). In *Hayes*, the administrative body of the Jackson Parish Head Start Educational Program submitted a proposal to the school board for additional space for the program. The proposal was to be taken up at the school board's regular bi-monthly meeting, and the agenda item for the proposal read "[c]onsider request from Pine Belt Multi-Purpose Agency for additional space for the Head Start Program." *Id*. at 274. This Court held that the agenda item description was not sufficiently specific under the Open Meetings Law because it did not alert the public that part of the proposal was the decision to close an elementary school and merge it with another school to provide the additional space for a Head Start Program. This Court found that "the primary solution to the problem [of finding space for the program] entailed closing one school and

13

consolidating it with another, [which] exceeded the scope of the agenda item as posted." *Id*. at 276.

Here, item number forty-five on the published agenda for the Council meeting provided:

> RESOLUTION - NO. R-18-65 BY: COUNCILMEMBERS WILLIAMS, HEAD, GUIDRY, BROSSETT AND GRAY
>
> Brief:
> APPLICATION OF ENTERGY NEW ORLEANS, INC. FOR APPROVAL TO CONSTRUCT NEW ORLEANS POWER STATION AND REQUEST FOR COST RECOVERY AND TIMELY RELIEF RESOLUTION AND ORDER REGARDING THE APPLICATION OF ENTERGY NEW ORLEANS, INC. FOR APPROVAL TO CONSTRUCT NEW ORLEANS POWER STATION AND REQUEST FOR COST RECOVERY AND TIMEL RELIEF DOCKET NO. UD-16-02.

Unlike the description found in *Hayes*, the description of the Council's agenda item to consider the construction of the NOPS is sufficiently specific under La. R.S. 42:19(A)(1)(b)(ii)(bb). It describes the Resolution number, the Applicant (Entergy), and the subject of the application, *i.e.* "approval to construct" the NOPS. Given that the Council went on to consider (and approve) the construction of the NOPS under the Resolution, the agenda item adequately states the scope of the action taken by the Council. Additionally, because the record reflects that there was a substantial amount of people present at the meeting to comment on this particular item, the statement in the agenda was sufficient to give the public notice of what the Council would be considering. Unlike the Committee meeting, there is nothing in the record to suggest that the Council did not adhere to its agenda, or that the Council did not otherwise comply with the mandates of the Open Meetings Law.

Appellants argue that, because there was no violations of the Open Meetings Law at the Council meeting, the Council meeting cured or ratified the violations that occurred at the Committee meeting. Alternatively, Appellants argue that, because only the Council had the authority to approve the Resolution, the Committee and its recommendation were not necessary to adopt the Resolution, and thus could not be a "necessary component" of the adoption process, as the trial court ruled.

As this Court held in *Delta Development Company, Inc.*, 451 So.2d at 137 (La. App. 4th Cir. 1984), when a public body takes an action in such a way to violate the Open Meetings Law, the injury caused by the prior violation "may be corrected by ratification provided the ratification is adopted after full compliance with the law." Ratification occurs when the public body "reconsider[s]…action taken at a previous meeting which was in violation of the open meetings law." *Wagner v. Beauregard Par. Police Jury*, 525 So.2d 166, 170 (La. App. 3rd Cir. 1988). Alternatively, the public body can also "reconsider, repudiate and recall the earlier improper action." *Id*.

The Rules and Regulations of the Council provides at Rule 39 that the Committee is a "standing committee." Rule 39 further provides that, as a standing committee, the Committee "**shall** make recommendations to the full Council on Council…Resolutions…and such other reports as in their judgment will advance the interests of…the people of the City of New Orleans." (Emphasis added). Rule 39A(2) states that recommendations made by committees "shall be adopted by the Council in a regular or special meeting…A committee only makes recommendations to the full Council." Further, the Home Rule Charter of the City of New Orleans does not require that the City Council's utility orders first be

approved by the Committee. Pursuant to Charter Section 3-130(6), orders of the City Council in utility matters "shall be upon a resolution or an ordinance in open council meeting and passed by an affirmative vote of a majority of all members of the Council." Thus, Appellants correctly point out that, under the Rules and Regulations of the Council and the Home Rule Charter, the Committee's action had no binding effect on the Council, as it was only a recommendation to the Council on the Resolution.

The distinction between the purposes of and actions taken by the Committee and the Council is precisely why actions taken at the Council meeting could not serve to "ratify" the actions taken at the Committee meeting: the two meetings served two different purposes and two different actions were taken. The Committee meeting was meant to provide the full Council with a recommendation on Entergy's application for the NOPS construction, and the Committee took the action of making such a recommendation, as it is required to do under the Council's own regulations. Though the Council was free to accept, reject, or modify the recommendation of the Committee, the Council meeting was meant to put the recommendation of the Committee to full vote, adopting the Resolution and giving Entergy approval to build the NOPS. Even if the Council meeting was in full compliance with Open Meetings Law, the actions taken at the Committee and Council meetings were different and served different purposes. Therefore, the actions taken at the Council meeting could not ratify those taken at the Committee meeting.

### III. Voiding the Resolution

When the Open Meetings Law is violated, a court of competent jurisdiction may void the action. La. R.S. 42: 24. La. R.S. 42:26 states that:

16

A. In any enforcement proceeding the plaintiff may seek and the court may grant any or all of the following forms of relief:

(1) A writ of mandamus.

(2) Injunctive relief.

(3) Declaratory judgment.

(4) Judgment rendering the action void as provided in R.S. 42:24.

(5) Judgment awarding civil penalties as provided in R.S. 42:28.

Trial courts are vested with great discretion in deciding to grant or to deny declaratory relief and, on appellate review, the judgment of the trial court is reviewed under an abuse of discretion standard. *Delta Admin. Servs., L.L.C. v. Limousine Livery, Ltd.*, 2015-0110, p. 6 (La. App. 4 Cir. 6/17/15), 216 So.3d 906, 910 (citing *Edgar Benjamin Fontaine Testamentary Trust v. Jackson Brewery Marketplace*, 2002-2337, pp. 4-5 (La. App. 4 Cir. 5/7/03), 847 So.2d 674, 677).

Based on our review of the record, we find that the trial court should not have voided the Resolution. As discussed, while we agree the Open Meetings Law was violated at the Committee meeting, we also find that there were no Open Meetings Laws violations at the Council meeting. Though the Council's committee procedure disingenuously implies to the public that the Committee's decisions are binding on the Council, the Council's Rules and Regulations and the Home Rule Charter make it clear that the Council is not bound by the actions of the Committee. The Council is free to accept, modify, or reject any or all of the Committee's recommendations. Therefore, the trial court erred in determining that the Committee meeting was a "necessary component" of the Resolution's passage, and violations that occurred at the Committee meeting could render the Resolution voidable. Because it is only the Council's decision which ultimately has binding

17

effect, and no violations occurred at the Council's meeting, no remedy is necessary where no violations occurred.

## DECREE

For the foregoing reasons, we affirm the trial court's finding that there was a violation of the Open Meetings Law at the Committee meeting and reverse the trial court's judgment voiding the Council's vote to approve the Resolution at the Council meeting.

**AFFIRMED IN PART AND REVERSED IN PART**